FILED

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

2011 MAY 19  P 2: 49

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

| | | |
|---|---|---|
| 1 | KATHY ADKINS | ) |
| 2 | SHARIF ABDUL-QUDUS | ) |
| 3 | JASON BAILEY | ) |
| 4 | KRISTIE BAILEY | ) |
| 5 | CASSIE BAKER | ) |
| 6 | CHARLES BARRETT | ) |
| 7 | PERINA BELLAMY | ) |
| 8 | DARIUS BENNETT | ) |
| 9 | SONIA BODDIE | ) |
| 10 | BARBARA BOWER | ) |
| 11 | ANTOINETTE BRADSHAW | ) |
| 12 | MARILYN BRANHAM | ) |
| 13 | GENEVIEVE BUCKLEW | ) |
| 14 | VIVIAN BURKE | ) |
| 15 | BETTY BYRD | ) |
| 16 | CYNTHIA CALLIS | ) |
| 17 | ROBERT CANIPE | ) |
| 18 | REBECCA CHARLES | ) |
| 19 | KERMIT CHILES | ) |
| 20 | ANGELA COOPER | ) |
| 21 | HALEY COTMAN | ) |
| 22 | NANCY CRAFT | ) |
| 23 | LEATRICE CUFEE | ) |
| 24 | ADRIENE DAVIS | ) |
| 25 | EDUARDO DEE | ) |
| 26 | MARY DRUMGOOLE | ) |
| 27 | MICHAEL DURHAM | ) |
| 28 | DONALD EDWARDS | ) |
| 29 | TANESHIA ELLIS | ) |
| 30 | ANTONIO FUSTER | ) |
| 31 | JOSE GALDOS | ) |
| 32 | CINDY GILLETT | ) |
| 33 | NIKIA GLASS | ) |
| 34 | HILDA GODOY | ) |
| 35 | SHERELLE GODWIN | ) |
| 36 | JOYCE GROSS | ) |
| 37 | JON HARRIS | ) |
| 38 | DONALD HEATH JR. | ) |
| 39 | TINA HENDERSON | ) |
| 40 | LADON HERRING | ) |
| 41 | RUDOLPH HUTCHINS | ) |
| 42 | THELMA JACKSON | ) |

CIVIL ACTION NO.:

3:11CV334

| 43 | ELIZABETH JAMES | ) |
| 44 | KEVIN JOHNSON | ) |
| 45 | ERIK JOHNSTON | ) |
| 46 | TERRY JONES | ) |
| 47 | TERESA KELLY | ) |
| 48 | TIMOTHY KIRBY | ) |
| 49 | MORGAN KNULL | ) |
| 50 | NANCY LAWHORN | ) |
| 51 | SANDRA LAWSON | ) |
| 52 | MITCHEL LEE | ) |
| 53 | LINDA LUCAS | ) |
| 54 | VIOLET MABE | ) |
| 55 | TAYLORA MANUEL | ) |
| 56 | JANICE MARSHALL | ) |
| 57 | STEPHANIE MCADAMS | ) |
| 58 | HELEN MCCAULEY | ) |
| 59 | THEATRICE MCCLAMMY | ) |
| 60 | WENDELL MCGUIRE | ) |
| 61 | ROBERT MCKAY | ) |
| 62 | TERESA MCLEAN | ) |
| 63 | ANTHONY METZGER | ) |
| 64 | MARK MILLER | ) |
| 65 | MAJDHA NESHEIWAT | ) |
| 66 | MIRAN OH | ) |
| 67 | JOHN OKEEFE | ) |
| 68 | BARBARA PAGE | ) |
| 69 | HEATHER PAYNE | ) |
| 70 | FABIOLA PERKINS | ) |
| 71 | GAREY PETERSON | ) |
| 72 | VICKIE PHILLIPS | ) |
| 73 | MILDRED POINDEXTER | ) |
| 74 | DEREK POLLEY | ) |
| 75 | GREGORY PORTER | ) |
| 76 | NORMETA POWELL | ) |
| 77 | COLLEEN REED | ) |
| 78 | RANDY RIGGINS | ) |
| 79 | REBEKAH ROACH | ) |
| 80 | JENNIFER ROBINSON | ) |
| 81 | MIGUEL RODRIGUEZ | ) |
| 82 | RICHARD ROGER | ) |
| 83 | HAROLD ROGERS | ) |
| 84 | SHABAN SHARIF | ) |
| 85 | BETTY SHEPARD | ) |
| 86 | JOHN SHOREMAN | ) |
| 87 | REBECCA SMITH | ) |
| 88 | MARK SMITH | ) |

| | | |
|---|---|---|
| 89 | JAMES STATEN | ) |
| 90 | FRANCES THOMPSON | ) |
| 91 | BETTIE TOWNER | ) |
| 92 | JOHN TURNER | ) |
| 93 | JOYCE VICK | ) |
| 94 | WILLIE WALKER | ) |
| 95 | WAYNE WASHINGTON | ) |
| 96 | VALISIA WHITLEY | ) |
| 97 | MONICA WILCOXSON | ) |
| 98 | KENNETH WILLIAMS | ) |
| 99 | RONALD WILSON | ) |
| 100 | JOHN WOJTASIAK | ) |

Plaintiffs,

v.

ENCORE CAPITAL GROUP, INC.
8875 Aero Drive, Suite 200
San Diego, CA 92123

      SERVE:     Secretary of the Commonwealth

MIDLAND FUNDING, LLC
8875 Aero Drive, Suite 200
San Diego, CA 92123

      SERVE:     Secretary of the Commonwealth

MIDLAND CREDIT MANAGEMENT, INC.
8875 Aero Drive, Suite 200
San Diego, CA 92123

      SERVE:     Secretary of the Commonwealth

      Defendants

## COMPLAINT

COME NOW the Plaintiffs, by counsel, and as for their Complaint against the

Defendants, they allege as follows:

     1.    This is an action brought pursuant to 15 U.S.C. § 1692 et seq. (the Federal Fair

Debt Collection Practices Act or "FDCPA") for compensatory damages, statutory damages, costs, and attorney's fees, and 47 U.S.C. § et seq. (the Telephone Consumer Protection Act or "TCPA") for compensatory damages and statutory damages.

## JURISDICTION

2.     Jurisdiction is proper pursuant to 15 U.S.C. § 1692k, 47 U.S.C. § 227(b) and 28 U.S.C. § 1331.

## PARTIES

3.     Plaintiffs are natural persons and at all times relevant hereto were "consumers" as defined and governed by the Fair Debt Collection Practices Act ("FDCPA").

4.     Defendant Encore Capital Group, Inc. (hereafter, "Encore") is a Delaware corporation with its principal place of business located in San Diego, California and which regularly conducts business in Virginia. The Defendant's principal business purpose is the purchase of portfolios of alleged debts and collection of the same through a network of subsidiaries. Specifically, it buys the debts through its subsidiary, Midland Funding, LLC and then uses Midland Credit Management, Inc., to collect the purchased debts.   It is a debt collector as that term is defined at 15 U.S.C. §1692a(6).

5.     Defendant Midland Funding, LLC (hereafter, "Midland Funding") is a Delaware Limited Liability Company, which purchases portfolios of consumer debts. The Defendant's principal business purpose is the collection of debts, and it is a debt collector as that term is defined at 15 U.S.C. §1692a(6).

6.     Defendant Midland Credit Management, Inc., (hereafter, "MCM") is a foreign corporation with its principal place of business located in San Diego, California and which regularly conducts business in Virginia. The Defendant's principal business purpose is the

4

collection of debts, and it is a debt collector as that term is defined at 15 U.S.C. §1692a(6). Specifically, it does so by causing lawsuits to be filed across the Commonwealth of Virginia on behalf of Defendant Midland Funding.

## STATEMENT OF FACTS

7. Defendants operate as a debt buying enterprise. Midland Funding purchases large portfolios of debts that had been deemed uncollectible by a previous creditor or debt collector.

8. However, the Midland Defendants only receive scant information about the accounts that they are collecting. In many instances, they have the option to buy documents from the original creditor which would provide it with more information about the accounts (known in the industry as "media"), including the breakdown between principal and finance charges but it often elects not to given the additional cost involved for the purchase of the media. While the price for the portfolios involving the named Plaintiffs is presently unknown given that Plaintiffs have not conducted discovery of the entities that sold these accounts to the Midland Defendants, it is generally known from Defendant Encore's public filings that it pays, on average, roughly 3 to 5 cents on the dollar for these accounts.

9. Defendant Encore is a publicly traded company and investors value its securities by the profits that Encore receives from the conduct alleged herein.

10. Pursuant to MCM's contract with Midland Funding, MCM engages in litigation activity on the Midland Funding accounts.

11. When Midland Funding, through MCM, files a lawsuit in state courts across Virginia, it files a "Summary Screen" printout in almost every instance, which contains a myriad of assertions regarding various components of the debt.

12. The Summary Screens contained information purporting to be the amount owed

5

by the Plaintiffs, including a field for the "Credit Score" of the Plaintiffs in those cases in which a Summary Screen was used. The Defendants filed this information in the public record.

13.     The Summary Screens uniformly misrepresent the amount of the alleged debt that is comprised of finance charges and the amount that represents the principal. Specifically, the Summary Screens overstate the amount of the debt that is described as the "Principal Balance".

14.     In reality, none of the Defendants had actual knowledge of the composition of the debt, including the portion that was principal, and the portion that was attributable to finance charges applied to the account by the original creditor.

15.     The Summary Screen also failed to inform the Plaintiffs that the Defendants were debt collectors. For those Plaintiffs for which the receipt of the Summary Screen and other litigation documents were the initial communication from the Defendants, the Summary Screen similar failed to inform the Plaintiffs that the Defendants were debt collectors attempting to collect a debt and that any information obtained from the Plaintiffs would be used for that purpose.

16.     Defendants mailed a Warrant in Debt to the Plaintiffs when they filed the collection lawsuit. The Warrant in Debt contains various assertions regarding the account.

17.     The Warrant in Debt failed to inform the Plaintiffs that the Defendants were debt collectors. For those Plaintiffs for which the receipt of the Warrant in Debt and other litigation documents were the initial communication from the Defendants, these documents failed to inform the Plaintiffs that the Defendants were debt collectors attempting to collect a debt and that any information obtained from the Plaintiffs would be used for that purpose.

18.     These disclosures required by 15 U.S.C. §1692e(11) would have alerted the Plaintiff that the Defendants fell within the definition of a "debt collector" as that term is defined

6

by 15 U.S.C. §1692a(6), thus triggering their rights under the FDCPA, including, but not limited to their right to verification of the debt.

19.     Thereafter, and consistent with the omissions described in paragraphs 16 and 18, the Defendants never informed the Plaintiffs of their right to verification of the alleged debts pursuant to 15 U.S.C. §1692g, including that the Defendant had even served the correct individual with the lawsuit.

20.     This failure was not inadvertent. As previously described, the Defendants are debt buyers, removed from the original creditor from the chain of title by one or more entities. The Defendants also purchase debts from other debt buyers. The Defendants lacked the information within the files of the original creditors that would demonstrate, for example, the full history of the accounts, the portion of the debts that was attributable to finance charges, the correct interest rate to be applied to the accounts, and even the true identity and address of the individual that had opened the accounts in question.

21.     With regard to Plaintiffs Adkins, Bailey, Baker, Chiles, Craft, Davis, Galdos, Gillett, Harris, Herring, Jackson, Kirby, Mabe, Manuel, Page, Porter, Qudus, Mark Smith, Rebecca Smith, Towner, Washington, Williams and Wilson, the Defendants and/or their agents engaged in other types of abusive debt collection tactics.

22.     By way of example only, Defendants placed numerous calls to Plaintiff Adkins' family members.

23.     On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

24.     By way of example only, Defendants placed numerous calls to Plaintiff Bailey's family members.

7

25.     On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

26.     By way of example only, Defendants placed numerous calls to Plaintiff Baker's place of employment regarding the debt. On each such occasion, Baker would inform the caller that she was not allowed to receive collection calls at work. On each such occasion, she asked the callers not to call her at work again.

27.     Despite Baker's repeated requests that the Defendants should stop calling her at work, Defendants continued to make phone calls to Baker's place of employment regarding her debt. She experienced substantial damage as a result.

28.     By way of example only, Defendants placed several calls to Plaintiff Chiles' place of employment regarding the debt. On each such occasion, Chiles would inform the caller that he was not allowed to receive collection calls at work. On each such occasion, he asked the callers not to call him at work again.

29.     Despite Chiles' repeated requests that the Defendants should stop calling him at work, Defendants continued to make phone calls to Chiles' place of employment regarding his debt. He experienced substantial damage as a result.

30.     By way of example only, Defendants placed numerous calls to Plaintiff Craft's family members regarding the debt.

31.     On various occasion, and by way of example only, Defendants stated that Craft was going to lose her home because she didn't pay her bills. These calls caused substantial damages to the Plaintiff.

32.     By way of example only, Defendants placed numerous calls to Plaintiff Davis' family members.

8

33.    On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

34.    By way of example only, Defendants placed numerous calls to Plaintiff Galdos' family members.

35.    On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

36.    By way of example only, Defendants placed several calls to Plaintiff Gillett's place of employment regarding the debt. On each such occasion, Gillett would inform the caller that she was not allowed to receive collection calls at work.  On each such occasion, she asked the callers not to call her at work again.

37.    Despite Gillett's repeated requests that the Defendants should stop calling her at work, Defendants continued to make phone calls to Gillett's place of employment.  She experienced substantial damage as a result.

38.    By way of example only, Defendants placed numerous calls to Plaintiff Harris' former place of employment and discussed his debt with various employees there. On each such occasion, Harris' former boss would tell the caller that Harris was no longer employed there and not to call back.

39.    Despite this demand that the Defendants should stop calling him at the office, Defendants continued to make phone calls to Harris' former place of employment regarding his debt.  He experienced substantial damage as a result.

40.    By way of example only, Defendants placed numerous calls to Plaintiff Herring's family members.

9

41.     On various occasions, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

42.     Defendants also placed several calls to Plaintiff Herring's place of employment regarding the debt. On each such occasion, Herring would inform the caller that she was not allowed to receive collection calls at work.  On each such occasion, she asked the callers not to call her at work again.

43.     Despite this demand that the Defendants should stop calling him at the office, Defendants continued to make phone calls to Herrings' place of employment regarding his debt. She experienced substantial damage as a result.

44.     By way of example only, Defendants placed numerous calls to Plaintiff Jackson's family members.

45.     On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

46.     By way of example only, Defendants placed numerous calls to Plaintiff Kirby's parents regarding the debt. Kirby's parents informed the Defendants on multiple occasions that Kirby did not live with them, and further, that the Defendants should stop calling them.

47.     Despite their demand that the Defendants should stop calling them, Defendants continued to make phone calls to Kirby's parents regarding his debt. Defendants told Kirby's parents that Kirby had written a bad check to the Defendants and that Kirby was going to have to spend time in jail.  Plaintiff Kirby had never written a bad check to any of the Defendants, and in any event, this was not something that carried the potential for incarceration. These threats of imprisonment and other violations of the law caused Plaintiff to experience actual damages.

10

48.    By way of example only, Defendants placed numerous calls to Plaintiff Mabe's family members.

49.    On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

50.    Defendants also placed several calls to Mabe's place of employment regarding the debt. On each such occasion, Mabe would inform the caller that she was not allowed to receive collection calls at work.  On each such occasion, she asked the callers not to call her at work again.

51.    Despite Mabe's repeated requests that the Defendants should stop calling her at work, Defendants continued to make phone calls to Mabe's place of employment regarding her debt, causing her to experience substantial damages.

52.    By way of example only, Defendants placed numerous calls to Plaintiff Manuel's place of employment regarding the debt. On each such occasion, Manuel would inform the callers that she was not permitted to take such calls at work, but agreed that she would take their calls on her cell phone.

53.    Despite Manuel's demand that the Defendants stop calling her at work, and her agreement to accept these calls on her personal cell phone, the Defendants continued to make phone calls to Manuel's place of employment regarding her debt. The repeated calls to Manuel's place of employment with actual knowledge that she was not permitted to accept calls there, despite her willingness to discuss the account if called on her cell phone, are clear indications of Defendants' intent to annoy, abuse, and harass her.

54.    By way of example only, Defendants placed numerous calls to Plaintiff Page's neighbors.

11

55. On each such occasion, Defendants identified themselves as debt collectors and told Page's neighbors that Page didn't pay her bills, causing her to experience substantial damages.

56. By way of example only, Defendants placed numerous calls to Plaintiff Porter's family members.

57. On each such occasion, Defendants identified themselves as debt collectors and told Porter's family members that Porter didn't pay his bills, causing him to experience substantial damages.

58. By way of example only, Defendants placed several calls to Plaintiff Qudus' place of employment regarding the debt. On each such occasion, Qudus would inform that caller that he was not allowed to receive personal calls at work. He further told the Defendants that if they continued to call him at work, he was fearful that he would be terminated. Qudus repeatedly and politely asked the callers not to call him at work again.

59. Despite Qudus' demand that the Defendants should stop calling him at work, Defendants continued to make phone calls to Qudus' place of employment regarding his debt, causing him great embarrassment and threatening his ability to remain employed. Plaintiff nearly lost his job as a direct result of these calls.

60. By way of example only, Defendants bombarded Plaintiff Mark Smith's family members with calls regarding the debt. On each such occasion, Mark Smith's family members informed the Defendants on multiple occasions that Mark Smith did not live with them, and further, that the Defendants should stop calling them.

12

61.     Despite Smith's family members' repeated pleas that the Defendants should stop calling then, Defendants continued to make phone calls to Mark Smith's family members regarding his debt, causing Mark Smith to suffer substantial damages.

62.     Defendants mailed Mark Smith a letter dated January 28, 2011, in an effort to collect the debt, despite that the Defendants had actual knowledge since 2010 that he was represented by counsel.

63.     By way of example only, Defendants placed several calls to Plaintiff Rebecca Smith's place of employment regarding the debt. On each such occasion, Rebecca Smith would inform the caller that she was not allowed to receive collection calls at work. On each such occasion, she asked the callers not to call her at work again.

64.     Despite this demand that the Defendants should stop calling her at the office, Defendants continued to make phone calls to Smith's place of employment regarding her debt. She experienced substantial damage as a result.

65.     Furthermore, Defendants placed numerous calls to Rebecca Smith's home, often multiple times per day. These excessive phone calls are clear indications of Defendants' intent to annoy, abuse, and harass her.

66.     By way of example only, Defendants placed numerous calls to Plaintiff Towner's family members and coworkers.

67.     On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with Plaintiffs' family members and co-workers. Plaintiff Towner was substantially damaged as a result.

68.     By way of example only, Defendants placed several calls to Plaintiff Washington's place of employment regarding the debt. Washington informed the caller on

13

multiple occasions that he was not allowed to receive collection calls at work, and asked the callers not to call him at work again.

69.    Despite this demand that the Defendants should stop calling him at his place of employment, Defendants continued to do so. Plaintiff experienced substantial damage as a result.

70.    By way of example only, Defendants placed numerous calls to Plaintiff Williams' family members.

71.    On each such occasion, Defendants identified themselves as debt collectors and told Williams' family members that Williams didn't pay his bills, causing him to experience actual damages.

72.    By way of example only, Defendants placed several calls to Plaintiff Wilson's family members regarding the debt. On each such occasion, Wilson's family members informed the Defendants that Wilson did not live with them, that they did not know anything about his debt, and further, that the Defendants should stop calling them.

73.    Despite their demands that the Defendants should stop calling them, Defendants continued to make phone calls to Wilson's family members regarding his debt, causing Wilson to experience substantial damages.

74.    With regard to Plaintiffs Lee", Mabe, Porter, Rogers, Shepard, Towner, Wilcoxson, and Wilson, the Defendants and their agents (hereafter, "Midland Entities") engaged in the practice of placing numerous calls to their cell phones and residential land lines using a combination of automatic telephone dialers and prerecorded voice messages, without the express consent of any of these Plaintiffs.

14

## COUNT ONE:
### Defendants Encore, Midland Funding and MCM
### 15 U.S.C. § 1692e

75.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out

herein.

76.     Defendants Midland Funding and MCM used false, deceptive and misleading

representations or means in connection with the collection of the alleged debt from the Plaintiffs,

in violation of 15 U.S.C. §1692e.

77.     Defendant Encore is liable for the actions of Defendants Midland Funding and

MCM pursuant to the doctrine of respondeat superior because they conducted the actions

described herein while acting at the direction of Defendant Encore and for its direct benefit.

78.     The Defendants are each liable to the Plaintiffs for their actual damages sustained,

statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C.

§1692k.

## COUNT TWO:
### Defendants Encore, Midland Funding and MCM
### 15 U.S.C. § 1692e(2)
### (Plaintiffs 2, 4, 6, 7, 8, 10, 11, 12, 13, 14, 15, 17, 18, 22, 23, 25, 26, 28, 29, 30, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83, 85, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, and 100 only)

79.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out

herein.

80.     Defendants Midland Funding and MCM falsely represented the character, amount

and/or legal status of the alleged debts in the "Summary Screens" mailed to the Plaintiffs, in

violation of 15 U.S.C. §1692e(2).

81.     Upon information and belief, the Midland Defendants intentionally

15

misrepresented the portion of the debt that was comprised of finance charges.

82.     Defendant Encore is liable for the actions of Defendants Midland Funding and

MCM pursuant to the doctrine of respondeat superior because they conducted the actions

described herein while acting at the direction of Defendant Encore and for its direct benefit.

83.     The Defendants are each liable to the Plaintiffs for their actual damages sustained,

statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C.

§1692k.

**COUNT THREE:**
**Defendants Encore, Midland Funding and MCM**
**15 U.S.C. § 1692e(11)**

84.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out

herein.

85.     At the time that the collection lawsuit was filed, the Defendants sent a

communication to the Plaintiffs that bore the legend "Warrant in Debt", and which purported to

contain information indicating the amount outstanding on their account.

86.     To the extent that the "Warrant in Debt" was the Defendant's first communication

with the Plaintiffs, it failed to inform the Plaintiffs that the Defendants were debt collectors, that

they were attempting to collect a debt, and/or that any information obtained would be used for

that purpose, in violation of 15 U.S.C. §1692e(11).

87.     In the alternative, the "Warrant in Debt" was a subsequent communication with

the Plaintiffs and it failed to inform the Plaintiffs that it was prepared by a debt collector, in

violation of 15 U.S.C. §1692e(11).

88.     Defendant Encore is liable for the actions of Defendants Midland Funding and

MCM pursuant to the doctrine of respondeat superior because they conducted the actions

described herein while acting at the direction of Defendant Encore and for its direct benefit.

89.    The Defendants are each liable to the Plaintiffs for their actual damages sustained,

statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C.

§1692k.

## COUNT FOUR:
### Defendants Encore, Midland Funding and MCM
### 15 U.S.C. § 1692e(11) – Summary Screen
### (Plaintiffs 2, 4, 6, 7, 8, 10, 11, 12, 13, 14, 15, 17, 18, 22, 23, 25, 26, 28, 29, 30, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83, 85, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, and 100 only)

90.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out

herein.

91.    At the time that the collection lawsuit was filed, the Defendants sent a

communication to the Plaintiffs that bore the legend "Summary Screen", and which purported to

contain information indicating the details of the account.

92.    To the extent that the "Summary Screen" was the Defendant's first

communication with the Plaintiffs, it failed to inform the Plaintiffs that the Defendants were debt

collectors, that they were attempting to collect a debt, and/or that any information obtained

would be used for that purpose, in violation of 15 U.S.C. §1692e(11).

93.    In the alternative, the Summary Screen was a subsequent communication with the

Plaintiffs and it failed to inform the Plaintiffs that the Midland Defendants were debt collectors,

in violation of 15 U.S.C. §1692e(11).

94.    Defendant Encore is liable for the actions of Defendants Midland Funding and

MCM pursuant to the doctrine of respondeat superior because they conducted the actions

described herein while acting at the direction of Defendant Encore and for its direct benefit.

17

95.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

## COUNT FIVE:
### Defendants Encore, Midland Funding and MCM
### 15 U.S.C. § 1692g

96.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

97.     Defendants Midland Funding and MCM failed to timely send the Plaintiffs a written notice that complied with the requirements of 15 U.S.C. §1692g(a) and which informed them of their right to request verification of the debt.

98.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

99.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

## COUNT SIX:
### VIOLATION OF 15 U.S.C. § §1692b(2)
### (Plaintiff Adkins Individually)

100.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

101.    The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Adkins owed a debt.

102.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Adkins' family members that she owed a debt and other violations set forth herein, Adkins has experienced actual damages.

103.   Adkins is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SEVEN:**
**VIOLATION OF 15 U.S.C. § 1692c(b)**
**(Plaintiff Adkins Individually)**

104.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

105.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Adkins and without express permission of a court.

106.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Adkins' family members and other violations set forth herein, Adkins has experienced actual damages.

107.   Adkins is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT EIGHT:**
**VIOLATION OF 15 U.S.C. § 1692f**
**(Plaintiff Adkins Individually)**

108.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

109. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

110. As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Adkins' family members that she owed a debt and other violations set forth herein, Adkins has experienced actual damages.

111. Adkins is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT NINE:**
**VIOLATION OF 15 U.S.C. § 1692b(2)**
**(Plaintiff Bailey Individually)**

112. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

113. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Bailey owed a debt.

114. As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Bailey's family members that he owed a debt and other violations set forth herein, Bailey has experienced actual damages.

115. Bailey is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TEN:
## VIOLATION OF 15 U.S.C. § 1692c(b)
## (Plaintiff Bailey Individually)

116.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

117.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Bailey and without express permission of a court.

118.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Bailey's family members and other violations set forth herein, Bailey has experienced actual damages.

119.   Bailey is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT ELEVEN:
## VIOLATION OF 15 U.S.C. § 1692f
## (Plaintiff Bailey Individually)

120.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

121.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

122.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Bailey's family members that he owed a debt and other violations set forth herein, Bailey has experienced actual damages.

123. Bailey is therefore entitled to actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWELVE:
## VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Baker Individually)

124. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

125. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Baker owed a debt.

126. As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Baker's coworkers that she owed a debt and other violations set forth herein, Baker has experienced actual damages.

127. Baker is therefore entitled to an award of actual and statutory damages against the Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THIRTEEN:
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)
### (Plaintiff Baker Individually)

128. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

129. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Baker at her place of employment following her repeated notification to the Defendants that her employer prohibited such calls.

22

130.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment after Defendants were notified that she was not allowed to receive such calls, and other violations set forth herein, Baker has experienced actual damages.

131.   Baker is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FOURTEEN:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Baker Individually)

132.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

133.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Baker and without express permission of a court.

134.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Baker's coworkers and other violations set forth herein, Baker has experienced actual damages.

135.   Baker is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FIFTEEN:
### VIOLATION OF 15 U.S.C. § 1692d
### (Plaintiff Baker Individually)

136.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

137. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Baker by their repeated calls to her place of employment.

138. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Baker has experienced actual damages.

139. Baker is therefore entitled to an award of actual and statutory damages against Defendants well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SIXTEEN:**
**VIOLATION OF 15 U.S.C. § 1692f**
**(Plaintiff Baker Individually)**

140. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

141. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

142. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Baker's coworkers and other violations set forth herein, Baker has experienced actual damages.

143. Baker is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVENTEEN:
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)
## (Plaintiff Chiles Individually)

144.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

145.    The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Chiles at his place of employment following his repeated notification to the Defendants that his employer prohibited such calls.

146.    As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment after Defendants were notified that he was not allowed to receive such calls, and other violations set forth herein, Chiles has experienced actual damages.

147.    Chiles is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHTEEN:
## VIOLATION OF 15 U.S.C. § 1692d
## (Plaintiff Chiles Individually)

148.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

149.    The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Chiles by their repeated calls to his place of employment.

25

150.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Chiles has experienced actual damages.

151.   Chiles is therefore entitled to an award of actual and statutory damages against Defendants well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT NINETEEN:**
**VIOLATION OF 15 U.S.C. § 1692f**
**(Plaintiff Chiles Individually)**

152.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

153.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

154.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment after Defendants were notified that he was not allowed to receive such calls, and other violations set forth herein, Chiles has experienced actual damages.

155.   Chiles is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT TWENTY:**
**VIOLATION OF 15 U.S.C. § 1692e(4)**
**(Plaintiff Craft Individually)**

156.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

157.    The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.

§1692e(4) by their actions, which include but are not limited to the false representation made by

the Defendants that they were going to take the consumer's house because of her outstanding

account with the Defendant.

158.    As a result of the actions taken by the Defendants, including their false threats and

misrepresentations, Craft has experienced actual damages.

159.    Craft is therefore entitled to an award of actual and statutory damages against

Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT TWENTY-ONE:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Craft Individually)

160.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out

herein.

161.    The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §

1692f by their actions, which include but are not limited to using unfair means in collect or to

attempt to collect a debt.

162.    As a result of the actions taken by the Defendants, including their false threats and

misrepresentations, Craft has experienced actual damages.

163.    Craft is therefore entitled to an award of actual and statutory damages against

Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT TWENTY-TWO:
### VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Davis Individually)

164.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out

herein.

165.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Davis owed a debt.

166.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Davis' family members that she owed a debt and other violations set forth herein, Davis has experienced actual damages.

167.   Davis is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT TWENTY-THREE:**
**VIOLATION OF 15 U.S.C. § 1692c(b)**
**(Plaintiff Davis Individually)**

168.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

169.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Davis and without express permission of a court.

170.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Davis' family members and other violations set forth herein, Davis has experienced actual damages.

171.   Davis is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWENTY-FOUR:
## VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Davis Individually)

172.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

173.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

174.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Davis' family members that she owed a debt and other violations set forth herein, Davis has experienced actual damages.

175.   Davis is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWENTY-FIVE:
## VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Galdos Individually)

176.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

177.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Galdos owed a debt.

178.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Galdos' family members that he owed a debt and other violations set forth herein, Galdos has experienced actual damages.

179.   Galdos is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWENTY-SIX:
## VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Galdos Individually)

180.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

181.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Galdos and without express permission of a court.

182.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Galdos' family members and other violations set forth herein, Galdos has experienced actual damages.

183.   Galdos is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWENTY-SEVEN:
## VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Galdos Individually)

184.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

185.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

30

186.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Galdos' family members that he owed a debt and other violations set forth herein, Galdos has experienced actual damages.

187.   Galdos is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWENTY-EIGHT:
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)
### (Plaintiff Gillett Individually)

188.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

189.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Gillett at her place of employment following her repeated notification to the Defendants that her employer prohibited such calls.

190.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment after Defendants were notified that she was not allowed to receive such calls, and other violations set forth herein, Gillett has experienced actual damages.

191.   Gillett is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWENTY-NINE:
## VIOLATION OF 15 U.S.C. § 1692d
## (Plaintiff Gillett Individually)

192.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

193.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Gillett by their repeated calls to her place of employment.

194.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Gillett has experienced actual damages.

195.   Gillett is therefore entitled to an award of actual and statutory damages against Defendants well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THIRTY:
## VIOLATION OF 15 U.S.C. § 1692f
## (Plaintiff Gillett Individually)

196.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

197.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

198.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment after Defendants were

32

notified that she was not allowed to receive such calls, and other violations set forth herein,

Gillett has experienced actual damages.

199.  Gillett is therefore entitled to an award of actual and statutory damages against

Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT THIRTY-ONE:**
**VIOLATION OF 15 U.S.C. § 1692b(2)**
**(Plaintiff Harris Individually)**

200.  Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out

herein.

201.  The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §

1692b(2) by their actions, which include but are not limited to the statements made by the

Defendants during their repeated communications with third parties that Harris owed a debt.

202.  As a result of the actions taken by the Defendants, which include but are not

limited to their disclosure to Harris' former employer that he owed a debt and other violations set

forth herein, Harris has experienced actual damages.

203.  Harris is therefore entitled to an award of actual and statutory damages against

Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT THIRTY-TWO:**
**VIOLATION OF 15 U.S.C. § 1692c(b)**
**(Plaintiff Harris Individually)**

204.  Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out

herein.

205.  The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.

§1692c(b) by their actions which include but are not limited to the statements made by the

33

Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Harris and without express permission of a court.

206.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Harris' former place of employment and other violations set forth herein, Harris has experienced actual damages.

207.   Harris is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT THIRTY-THREE:**
**VIOLATION OF 15 U.S.C. § 1692f**
**(Plaintiff Harris Individually)**

208.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

209.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

210.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Harris' former place of employment and other violations set forth herein, Harris has experienced actual damages.

211.   Harris is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT THIRTY-FOUR:**
**VIOLATION OF 15 U.S.C. § 1692b(2)**
**(Plaintiff Herring Individually)**

212.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

34

213. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Herring owed a debt.

214. As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Herring's family members and coworkers that she owed a debt and other violations set forth herein, Herring has experienced actual damages.

215. Herring is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT THIRTY-FIVE:**
**VIOLATION OF 15 U.S.C. § 1692c(b)**
**(Plaintiff Herring Individually)**

216. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

217. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of Herring and without express permission of a court.

218. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Herring's family members and coworkers and other violations set forth herein, Herring has experienced actual damages.

219. Herring is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THIRTY-SIX:
## VIOLATION OF 15 U.S.C. § 1692f
## (Plaintiff Herring Individually)

220.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

221.    The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

222.    As a result of the actions taken by the Defendants, which include but are not limited to abusing and harassing Herring by their repeated calls to her family members and coworkers.

223.    Herring is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THIRTY-SEVEN:
## VIOLATION OF 15 U.S.C. § 1692b(2)
## (Plaintiff Jackson Individually)

224.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

225.    The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Jackson owed a debt.

226.    As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Jackson's family members that she owed a debt and other violations set forth herein, Jackson has experienced actual damages.

36

227.  Jackson is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT THIRTY-EIGHT:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Jackson Individually)

228.  Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

229.  The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Jackson and without express permission of a court.

230.  As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Jackson's family members and other violations set forth herein, Jackson has experienced actual damages.

231.  Jackson is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT THIRTY-NINE:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Jackson Individually)

232.  Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

233.  The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

37

234.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Jackson's family members that she owed a debt and other violations set forth herein, Jackson has experienced actual damages.

235.   Jackson is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FORTY:
### VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Kirby Individually)

236.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

237.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Kirby owed a debt.

238.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Kirby's parents that he owed a debt and other violations set forth herein, Kirby has experienced actual damages.

239.   Kirby is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FORTY-ONE:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Kirby Individually)

240.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

241.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the

38

Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Kirby and without express permission of a court.

242. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Kirby's parents and other violations set forth herein, Kirby has experienced actual damages.

243. Kirby is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT FORTY-TWO:**
**VIOLATION OF 15 U.S.C. § 1692e(7)**
**(Plaintiff Kirby Individually)**

244. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

245. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(7) by their actions, which include but are not limited to the statements made by the Defendants during their false representation that the consumer committed a crime in order to disgrace the consumer.

246. As a result of the actions taken by the Defendants, which include but are not limited to telling Plaintiff Kirby's parents that Kirby wrote a bad check and would be sent to prison, and for other violations set forth herein, Kirby has experienced actual damages.

247. Kirby is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FORTY-THREE:
## VIOLATION OF 15 U.S.C. § 1692f
## (Plaintiff Kirby Individually)

248.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

249.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

250.   As a result of the actions taken by the Defendants, which include but are not limited to telling Plaintiff Kirby's parents that Kirby wrote a bad check and would be sent to prison, for repeatedly contacting Kirby's parents without his permission, and for other violations set forth herein, Kirby has experienced actual damages.

251.   Kirby is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FORTY-FOUR:
## VIOLATION OF 15 U.S.C. § 1692b(2)
## (Plaintiff Mabe Individually)

252.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

253.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Mabe owed a debt.

254.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Mabe's family members and coworkers that she owed a debt and other violations set forth herein, Mabe has experienced actual damages.

40

255. Mabe is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FORTY-FIVE:
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)
## (Plaintiff Mabe Individually)

256. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

257. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Mabe at her place of employment following her repeated notification to the Defendants that her employer prohibited such calls.

258. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment after Defendants were notified that she was not allowed to receive such calls, and other violations set forth herein, Mabe has experienced actual damages.

259. Mabe is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FORTY-SIX:
## VIOLATION OF 15 U.S.C. § 1692c(b)
## (Plaintiff Mabe Individually)

260. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

261. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the

41

Defendants during their repeated, unauthorized communications with a third-party without prior consent of Mabe and without express permission of a court.

262.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Mabe's family members and coworkers and other violations set forth herein, Mabe has experienced actual damages.

263.   Mabe is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FORTY-SEVEN:
### VIOLATION OF 15 U.S.C. § 1692d
### (Plaintiff Mabe Individually)

264.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

265.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Mabe by their repeated calls to her place of employment.

266.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Mabe has experienced actual damages.

267.   Mabe is therefore entitled to an award of actual and statutory damages against Defendants well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FORTY-EIGHT:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Mabe Individually)

268. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

269. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

270. As a result of the actions taken by the Defendants, which include but are not limited to abusing and harassing Mabe by their repeated calls to her family members and coworkers.

271. Mabe is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FORTY-NINE:
### VIOLATION OF 15 U.S.C. § 1692d
### (Plaintiff Manuel Individually)

272. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

273. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Manuel by their repeated calls to her place of employment after she informed them that she was not permitted to take calls at work, and had expressed willingness to talk to them if they called her personal cell phone number.

274. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment with the intent to annoy,

43

abuse, or harass the person to whom the call was placed, and other violations set forth herein,

Manuel has experienced actual damages.

275.    Manuel is therefore entitled to an award of actual and statutory damages against

Defendants well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FIFTY:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Manuel Individually)

276.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out

herein.

277.    The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §

1692f by their actions, which include but are not limited to using unfair means in collect or to

attempt to collect a debt.

278.    As a result of the actions taken by the Defendants, which include but are not

limited to abusing and harassing Manuel by their repeated calls to her place of employment after

she informed them that she was not permitted to take such calls at work, and expressed

willingness to talk to them if they called her personal cell phone number.

279.    Manuel is therefore entitled to an award of actual and statutory damages against

Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FIFTY-ONE:
### VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Page Individually)

280.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out

herein.

281.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Page owed a debt.

282.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Page's neighbors that she owed a debt and other violations set forth herein, Page has experienced actual damages.

283.   Page is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT FIFTY-TWO:**
**VIOLATION OF 15 U.S.C. § 1692c(b)**
**(Plaintiff Page Individually)**

284.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

285.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Page and without express permission of a court.

286.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Page's neighbors and other violations set forth herein, Page has experienced actual damages.

287.   Page is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIFTY-THREE:
## VIOLATION OF 15 U.S.C. § 1692f
## (Plaintiff Page Individually)

288.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

289.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

290.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Page's neighbors that she owed a debt and other violations set forth herein, Page has experienced actual damages.

291.   Page is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIFTY-FOUR:
## VIOLATION OF 15 U.S.C. § 1692b(2)
## (Plaintiff Porter Individually)

292.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

293.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Porter owed a debt.

294.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Porter's family members that he owed a debt and other violations set forth herein, Porter has experienced actual damages.

295. Porter is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIFTY-FIVE:
## VIOLATION OF 15 U.S.C. § 1692c(b)
## (Plaintiff Porter Individually)

296. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

297. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of Porter and without express permission of a court.

298. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Porter's family members and other violations set forth herein, Porter has experienced actual damages.

299. Porter is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIFTY-SIX:
## VIOLATION OF 15 U.S.C. § 1692f
## (Plaintiff Porter Individually)

300. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

301. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

47

302.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Porter's family members that he owed a debt and other violations set forth herein, Porter has experienced actual damages.

303.   Porter is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT FIFTY-SEVEN:**
**VIOLATION OF 15 U.S.C. § 1692c(a)(3)**
**(Plaintiff Qudus Individually)**

304.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

305.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Qudus at his place of employment following his repeated notification to the Defendants that his employer prohibited such calls.

306.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment after Defendants were notified that he was not allowed to receive such calls, and other violations set forth herein, Qudus has experienced actual damages.

307.   Qudus is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FIFTY-EIGHT:
### VIOLATION OF 15 U.S.C. § 1692d
### (Plaintiff Qudus Individually)

308.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

309.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Qudus by their repeated calls to his place of employment.

310.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Qudus has experienced actual damages.

311.   Qudus is therefore entitled to an award of actual and statutory damages against Defendants well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FIFTY-NINE:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Qudus Individually)

312.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

313.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

314.   As a result of the actions taken by the Defendants, which include but are not limited to the statements made by the Defendants during their repeated, unauthorized

49

communications with Qudus at his place of employment following his repeated notification to the Defendants that his employer prohibited such calls.

315.   Qudus is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIXTY:
## VIOLATION OF 15 U.S.C. § 1692b(2)
## (Plaintiff Mark Smith Individually)

316.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

317.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that the Smith owed a debt.

318.   As a result of the actions taken by the Defendants, which include but are not limited to their statements made to Plaintiff Smith's mother about his debt and other violations set forth herein, Mark Smith has experienced actual damages.

319.   Mark Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIXTY-ONE:
## VIOLATION OF 15 U.S.C. § 1692b(3)
## (Plaintiff Mark Smith Individually)

320.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

321.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(3) by their actions which include but are not limited to the representations made by the

Defendants during their repeated communications with third parties when the Defendants had no reasonable basis to believe that the earlier responses of said third parties concerning their knowledge of Mark Smith's location information were erroneous or incomplete.

322.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications with Mark Smith's mother after she informed Defendants that Mark Smith no longer resided with her and that she did not wish to receive any further calls and other violations set forth herein, Smith has experienced actual damages.

323.   Mark Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SIXTY-TWO:**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
**(Plaintiff Mark Smith Individually)**

324.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

325.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(a)(2) by their actions which include but are not limited to communicating with Mark Smith after Defendants knew that Mark Smith was represented by counsel regarding the alleged debt.

326.   As a result of the actions taken by the Defendants, which include but are not limited to contacting Mark Smith directly by sending letters to Mark Smith after Defendants knew that he was represented by counsel regarding the alleged debt and other violations set forth herein, Mark Smith has experienced actual damages.

327. Mark Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT SIXTY-THREE:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Mark Smith Individually)

328. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

329. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of Mark Smith and without express permission of a court.

330. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Mark Smith's mother and other violations set forth herein, Mark Smith has experienced actual damages.

331. Mark Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT SIXTY-FOUR:
### VIOLATION OF 15 U.S.C. § 1692d
### (Plaintiff Mark Smith Individually)

332. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

333.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §
1692d by their actions, which include but are not limited to abusing and harassing Mark Smith
by their repeated calls to Mark Smith's mother's house.

334.   As a result of the actions taken by the Defendants, which include but are not
limited to their repeated communications to Mark Smith's mother with the intent to annoy,
abuse, or harass the person to whom the call was placed, and other violations set forth herein,
Mark Smith has experienced actual damages.

335.   Mark Smith is therefore entitled to an award of actual and statutory damages
against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §
1692k.

**COUNT SIXTY-FIVE:**
**VIOLATION OF 15 U.S.C. § 1692f**
**(Plaintiff Mark Smith Individually)**

336.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out
herein.

337.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §
1692f by their actions, which include but are not limited to using unfair means in collect or to
attempt to collect a debt.

338.   As a result of the actions taken by the Defendants, which include but are not
limited to contacting Mark Smith directly by sending letters to Mark Smith after Defendants
knew that Mark Smith was represented by counsel regarding the alleged debt, their repeated
communications to Mark Smith's mother and other violations set forth herein, Mark Smith has
experienced actual damages.

339.  Mark Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIXTY-SIX:
### VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Rebecca Smith Individually)

340.  Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

341.  The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Rebecca Smith owed a debt.

342.  As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Rebecca Smith's family members and coworkers that she owed a debt and other violations set forth herein, Rebecca Smith has experienced actual damages.

343.  Rebecca Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIXTY-SEVEN:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Rebecca Smith Individually)

344.  Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

345.  The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the

Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Rebecca Smith and without express permission of a court.

346. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Rebecca Smith's family members and coworkers and other violations set forth herein, Rebecca Smith has experienced actual damages.

347. Rebecca Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SIXTY-EIGHT:**
**VIOLATION OF 15 U.S.C. § 1692d**
**(Plaintiff Rebecca Smith Individually)**

348. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

349. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Rebecca Smith by placing numerous and repeated calls to her home.

350. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her home with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Rebecca Smith has experienced actual damages.

351. Rebecca Smith is therefore entitled to an award of actual and statutory damages against Defendants well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIXTY-NINE:
## VIOLATION OF 15 U.S.C. § 1692f
## (Plaintiff Rebecca Smith Individually)

352.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

353.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

354.   As a result of the actions taken by the Defendants, which include but are not limited to abusing and harassing Rebecca Smith by their repeated calls to her home with the intent to annoy, abuse, or harass her, and placing unauthorized calls to her family members and coworkers.

355.   Rebecca Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVENTY:
## VIOLATION OF 15 U.S.C. § 1692b(2)
## (Plaintiff Towner Individually)

356.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

357.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Towner owed a debt.

358. As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Towner's family members and coworkers that she owed a debt and other violations set forth herein, Towner has experienced actual damages.

359. Towner is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SEVENTY-ONE:**
**VIOLATION OF 15 U.S.C. § 1692c(b)**
**(Plaintiff Towner Individually)**

360. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

361. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of Plaintiff Towner and without express permission of a court.

362. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Towner's family members and coworkers and other violations set forth herein, Towner has experienced actual damages.

363. Towner is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SEVENTY-TWO:**
**VIOLATION OF 15 U.S.C. § 1692f**
**(Plaintiff Towner Individually)**

364. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

365. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

366. As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Towner's family members and coworkers that she owed a debt and other violations set forth herein, Towner has experienced actual damages.

367. Towner is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SEVENTY-THREE:**
**VIOLATION OF 15 U.S.C. § 1692c(a)(3)**
**(Plaintiff Washington Individually)**

368. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

369. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Washington at his place of employment following his repeated notification to the Defendants that his employer prohibited such calls.

370. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment after Defendants were notified that he was not allowed to receive such calls, and other violations set forth herein, Washington has experienced actual damages.

371.   Washington is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVENTY-FOUR:
### VIOLATION OF 15 U.S.C. § 1692d
### (Plaintiff Washington Individually)

372.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

373.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Washington by their repeated calls to his place of employment.

374.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Washington has experienced actual damages.

375.   Washington is therefore entitled to an award of actual and statutory damages against Defendants well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVENTY-FIVE:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Washington Individually)

376.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

377. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

378. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment after Defendants were notified that he was not allowed to receive such calls, and other violations set forth herein, Washington has experienced actual damages.

379. Washington is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SEVENTY-SIX:**
**VIOLATION OF 15 U.S.C. § 1692b(2)**
**(Plaintiff Williams Individually)**

380. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

381. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Williams owed a debt.

382. As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Williams' family members that he owed a debt and other violations set forth herein, Williams has experienced actual damages.

383. Williams is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVENTY-SEVEN:
## VIOLATION OF 15 U.S.C. § 1692c(b)
## (Plaintiff Williams Individually)

384.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

385.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Williams and without express permission of a court.

386.   As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Williams' family members and other violations set forth herein, Williams has experienced actual damages.

387.   Williams is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVENTY-EIGHT:
## VIOLATION OF 15 U.S.C. § 1692f
## (Plaintiff Williams Individually)

388.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

389.   The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

390.   As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Williams' family members that he owed a debt and other violations set forth herein, Williams has experienced actual damages.

391. Williams is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT SEVENTY-NINE:
### VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Wilson Individually)

392. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

393. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Wilson owed a debt.

394. As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Wilson's family members that he owed a debt and other violations set forth herein, Wilson has experienced actual damages.

395. Wilson is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT EIGHTY:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Wilson Individually)

396. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

397. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Wilson and without express permission of a court.

398. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Wilson's family members and other violations set forth herein, Wilson has experienced actual damages.

399. Wilson is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT EIGHTY-ONE:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Wilson Individually)

400. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

401. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

402. As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Wilson's family members and other violations set forth herein, Wilson has experienced actual damages.

403. Wilson is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT EIGHTY-TWO:
### VIOLATION OF 47 U.S.C. § 227(b)(1)(B)
### (Plaintiffs Lee, Rogers, & Shepard Individually)

404. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

405. The Defendants willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B) by their actions, which include but are not limited to making one or more

calls using an automatic telephone dialing system or artificial or pre-recorded voice to Plaintiffs' telephone number assigned to a cellular telephone service.

406.   In the alterative, the Defendants negligently violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) by their actions, which include but are not limited to making one or more calls using an automatic telephone dialing system or artificial or pre-recorded voice to Plaintiffs' telephone number assigned to a cellular telephone service.

407.   The Plaintiffs are therefore entitled to an award of actual and statutory damages against Defendants, pursuant to 47 U.S.C. § 227(b)(3).

**COUNT EIGHTY-THREE:**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(B)**
**(Plaintiffs Mabe, Porter, Towner, Wilcoxson & Wilson Individually)**

408.   Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

409.   The Defendants willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B) by their actions, which include but are not limited to initiating telephone calls to a residential telephone line using an artificial or prerecorded voice to deliver a message without the Plaintiffs' express consent.

410.   In the alterative, the Defendants negligently violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B) by their actions, which include but are not limited to initiating telephone calls to a residential telephone line using an artificial or prerecorded voice to deliver a message without the Plaintiffs' express consent.

411.   The Plaintiffs are therefore entitled to actual and statutory damages against Defendants, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, your Plaintiffs demand judgment for actual and statutory damages,

attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act, actual and statuary

damages pursuant to the Telephone Consumer Protection Act, and such other relief the Court

deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**YOUR PLAINTIFFS,**

By
*Counsel for the Plaintiffs*

MATTHEW J. ERAUSQUIN, VSB #65434
LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    (703) 273-7770
Fax:    (888) 892-3512
matt@clalegal.com


DALE W. PITTMAN, VSB #15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
Tel:    (804) 861-6000
Fax:    (804) 861-3368
dale@pittmanlawoffice.com