UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

KATHY ADKINS, *et al.*,

        Plaintiff,

v.                                                                                    Civil Action No. 3:11cv334

ENCORE CAPITAL GROUP, INC., *et al.*

        Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland Funding"), and Midland Credit Management, Inc. ("Midland Credit Management") (with the latter two entities collectively referred to as "Midland," and when combined with Encore, the "Defendants"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), submit the following memorandum in support of their Motion to Dismiss all claims in Plaintiffs' Complaint against defendant Encore, and Counts Three and Four against Midland Funding and Midland Credit Management.

### INTRODUCTION

This matter, which involves 100 Plaintiffs and eighty-three alleged causes of action, arises out of Defendants' attempts to collect consumer credit card debt from Plaintiffs.[1]  (*See*

---

[1] Plaintiffs' counsel has filed two additional actions containing similar allegations against Defendants. The first, *Rubio v. Midland Credit Management, Inc. and Midland Funding*, Civil Action No. 3:10cv464 (HEH), was a Class Action Complaint filed on July 7, 2010 that alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  Notably, despite alleging the same practices of filing false affidavits and pursuing claims based on incomplete account information, the *Rubio* complaint: (1) did not name Encore as a defendant; and (2) did not contain a number of the FDCPA and Telephone Consumer Protection Act claims present in this case.  The other related case, *James v. Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*, Civil Action No. 3:11cv221 (REP), was filed on April 7, 2011, and alleges that Defendants violated the FDCPA, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.,* and committed civil conspiracy and abuse of process.

Compl., at ¶¶ 7-10.)  Based on allegations that Midland misrepresented the amount of the debts

sought by it, that Midland failed to identify itself as a debt collector, and that Midland frequently

called the debtors and other third parties, Plaintiff asserts claims under the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (Counts One through Eighty-One) and the

Telephone Consumer Protection Act, 47 U.S.C. § 227 (Counts Eighty-Two and Eighty-Three).

The Court should dismiss with prejudice all claims against Encore, as well as Counts

Three and Four against Midland Credit Management and Midland Funding for the following

reasons:

(1) All of the claims against Encore must be dismissed, because Plaintiffs fail to allege facts in support of their conclusory statements that Encore directed or was otherwise involved in the alleged conduct; and

(2) Counts Three and Four assert a violation of § 1692e(11) of the FDCPA, which requires that debt collectors disclose in certain communications that they are attempting to collect a debt.  Plaintiffs specifically claim that Defendants failed to identify themselves as debt collectors in the Warrants in Debt filed in Virginia state court, as well as in the "Summary Screens," which reflect information about the debt and are attached to the Warrants in Debt.  Section 1692e(11), however, explicitly exempts "formal pleadings" from its disclosure requirements.  Thus, these provisions of the FDCPA do not apply to the documents in question.

Hence, these claims must be dismissed with prejudice by the Court.

## STATEMENT OF ALLEGATIONS[2]

Plaintiffs allege that Encore buys "debts through its subsidiary, Midland Funding, LLC,

and then uses Midland Credit Management, Inc. to collect the purchased debts."  (Compl., at ¶

8.)  Plaintiffs further allege that "pursuant to [Midland Credit Management's] contract with

Midland Funding, [Midland Credit Management] engaged in litigation activity on Midland

Funding accounts."  (*Id*. at ¶ 10.)  In particular, Plaintiffs allege that Midland mailed a "Warrant

---

[2]  The Statement of Allegations section is based on the allegations contained in the Complaint. Defendants do not agree with the allegations in the Complaint, but, for the limited purpose of this Motion and Memorandum, they are accepted as true.

in Debt to the Plaintiffs when they filed a collection lawsuit." (*Id*. at ¶¶ 16.) Additionally, Plaintiffs claim that when Midland "files a lawsuit in state courts across Virginia, it files a 'Summary Screen' printout," which contains information "regarding various components of the debt." (*Id*. at ¶¶ 11-12.) Plaintiffs allege that the Summary Screens misrepresent certain aspects of the debt and are "created without actual knowledge of the composition of the debt." (*Id*. at ¶¶ 13-14.)

In Count Three, Plaintiff alleges "at the time that the collection lawsuit was filed," the Defendants sent to Plaintiffs a "Warrant in Debt," which "failed to inform the Plaintiffs that it was prepared by a debt collector, in violation of 15 U.S.C. § 1692e(11)." (Compl., at ¶¶ 85-87.) Likewise, in Count Four, Plaintiffs claim that the Defendants violated § 1692e(11) by failing to disclose on the Summary Screens that the "Defendants were debt collectors, that they were attempting to collect a debt, and/or that any information obtained would be used for that purpose." (*Id*. at ¶¶ 91-93.)

With respect to the involvement of Encore, in Counts One through Five, Plaintiffs allege that "Defendant Encore is liable for the [above] actions of Defendants Midland Funding and [Midland Credit Management] pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit." (*Id*. at ¶¶ 77, 82, 88, 94, 98.) Counts Six through Eight-Three, which regard the "Defendants" alleged telephonic contact with certain individuals, fail to differentiate among the three named Defendants. On the basis of these claims, Plaintiffs request actual damages, statutory damages, attorney's fees, and costs.

### STANDARD OF REVIEW

A motion to dismiss tests the sufficiency of the plaintiff's initial pleading and does not resolve contests surrounding the facts or the merits of a claim. *See Republican Party of N.C. v.*

*Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering a motion to dismiss, the Court

should accept as true all well-pleaded factual allegations and should view the complaint in a light

most favorable to the plaintiff. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir.

1991). Even under Fed. R. Civ. P. 8(a), however, the Court need not accept as true the legal

conclusions, unwarranted inferences, unreasonable conclusions, or arguments asserted in the

complaint. *See Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'Ship,* 213 F.3d, 175, 180 (4th

Cir. 2000); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Furthermore, a

"pleading that offers 'legal conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949

(quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 8(a)(2) (pleading must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief"). A claim is

"factually plausible" when the claimant pleads "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at

1949. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings

that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*.

at 1950. If any factual allegations remain, the Court then should review them to determine if the

plaintiff has stated a plausible claim for relief. *Id*.

**ARGUMENT**

I.      **All Claims Against Encore, the Parent Company of Midland Funding and
        Midland Credit Management, Must be Dismissed.**

Plaintiffs name Encore, which they acknowledge is the parent corporation to Midland

Funding and Midland Credit Management (*see* Compl., at ¶ 4), as a Defendant. Plaintiffs fail to

4

allege, however, any facts that would give rise to liability on the part of Encore. The *entirety* of the facts alleged in the Complaint that specifically relate to Encore are: (1) Encore "buys debts through its subsidiary, Midland Funding, LLC and then uses Midland Credit Management, Inc. to collect the purchased debts" (*id*. at ¶ 4); (2) Encore "is a publicly traded company and investors value its securities by the profits that Encore received from the conduct alleged herein" (*id*. at ¶ 9); and (3) Encore "directed" Midland Credit Management and Midland Funding to undertake certain of the challenged activities. (*Id*. at ¶¶ 77, 82, 88, 94, 98.)

As the United States Supreme Court has noted: "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). It is, therefore, unsurprising that federal courts addressing FDCPA claims against a parent corporation based on conduct of one of its subsidiaries require more than allegations that the parent may indirectly may have profited from increased value of the subsidiary in order to state a viable claim against the parent. *See Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1143 (N.D. Ill. 1998) ("Plaintiffs fall far short of establishing the facts necessary to find that Union and Transworld are engaged in a single economic enterprise, a finding required to make Union an indirect debt collector under the FDCPA."); *Harrison v. NBD Inc.*, 968 F. Supp. 837, 845 (E.D.N.Y. 1997) ("NEC cannot be liable for any violation by NBD of the FDCPA unless: (1) NBD is dominated by NEC to the extent that they constitute a single economic enterprise . . . (2) NEC controlled almost all aspects of NBD's debt collection . . . or (3) NBD is an alias for NEC."); *Stepney v. Outsourcing Solutions, Inc.*, No. 97 C 5288, 1997 U.S. Dist. LEXIS 18264, at *9 (N.D. Ill. Nov. 13, 1997) ("Stepney alleges [the parent corporation's] financial interest in [a subsidiary's] collection activities and approval of [the subsidiary's] practice of purchasing old debts and subsequent

attempts to collect them . . . .  Similar allegations have been held insufficient to state an FDCPA

claim against the corporate parent of a debt collector.") (collecting cases).   Thus, Plaintiffs'

contention that Encore profits from the alleged activities of its subsidiaries is insufficient to state

a claim against Encore under the FDCPA.

Nor can Plaintiffs' conclusory allegations that Encore "directed" the actions of Midland

Funding and Midland Credit Management save their claims.   Plaintiffs assert that Encore is

liable for alleged conduct of Midland based on the theory of "respondeat superior" because

Midland acted "at the direction of Defendant Encore and for its direct benefit." (*See id*. at ¶¶ 59,

63, 71, 75, 79.)   Plaintiffs, however, fail to allege any facts that would support their allegation

that Encore "directed" its subsidiaries to engage in the alleged behavior.   To the contrary, the

facts that are alleged make plain that while Midland Funding and Midland Credit Management

allegedly worked together to collect debts pursuant to a "contract" executed between those two

separate entities, *id.* at ¶ 10, Encore had no substantive role in *any* of the challenged collection

activities.

At bottom, Plaintiff provides no factual support for the contention that Encore was in any

way involved in the alleged conduct aside from the conclusory allegation that Encore directed

those activities.   These "threadbare recitals" – which contradict the factual allegations in the

Complaint – cannot support a plausible claim for relief against Encore.  *E.g.*, *Wiseman v.*

*Hernandez*, No. 08cv1272-LAB, 2010 U.S. Dist. LEXIS 18004, at *8 (S.D. Cal. Feb. 26, 2010)

("Wiseman's sole allegation against Hubbard in his complaint is that she 'is responsible for

policy making and did know or reasonably should have known of the unconstitutional prison

condition which caused plaintiff to have to suffer undue cruel and unusual punishment for six

months with no opportunity for any outdoor exercise yard as mandated.'   By itself, this is

insufficient to survive a motion to dismiss because . . . it is a 'threadbare recital' of the standard

for respondeat superior liability, and is simply too conclusory.").  All claims against Encore must be dismissed.

**II.     Plaintiffs' Claims Under 15 U.S.C. §§ 1692e(11) (Counts Three and Four) Must Fail Under That Provision's "Formal Pleading" Exemption.**

Counts Three and Four, both of which assert a violation of § 1692e(11) of the FDCPA, are predicated on Defendants' alleged failure to inform Plaintiffs that the Warrant in Debt filed in state court, as well as the contemporaneously filed "Summary Screen," were attempts by Midland to collect a debt.  (Compl., at ¶¶ 84-95.)  This claim must fail because the documents implicated by Counts Three and Four are "formal pleadings" exempt from § 1692e(11).

Section 1692e(11) of the FDCPA generally requires that debt collectors make certain disclosures when a communication is an attempt to collect a debt.  The express language of 15 U.S.C. § 1692e(11), however, states that the provision's requirements do "not apply to a formal pleading made in connection with a legal action." *Id.*  Hence, Plaintiffs' claims under Counts Three and Four fail, as the documents alleged to have violated this section of the FDCPA are formal pleadings exempt from the disclosure requirement of § 1692e(11).

It is well settled that a complaint (or its state court analog, such as a Warrant in Debt) constitutes a "formal pleading" under the FDCPA.  *See, e.g., Hill v. Javitch*, 574 F. Supp. 2d 819, 823-824 (S.D. Ohio 2008) (a complaint is immune from liability under § 1692e(11)); *Stefansson v. Source One Mortg.*, 1:02-CV-0773-LJM-WTL, 2004 U.S. Dist. LEXIS 4458 (S.D. Ind. Jan. 29, 2004) (same); *Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358 (D. Md. 2010) (a complaint is a "pleading" listed under Fed. R. Civ. P. 7 and would qualify for immunity under § 1692e(11)); *see also Zevgolis v. Greenberg Law Firm, P.C.*, No. 3:10cv625-DWD, 2011 U.S. Dist. LEXIS 7452, at *7 (E.D. Va. Jan. 26, 2011) (looking to Black's Law Dictionary definition of "pleading," which is a "formal document in which a party to a legal proceeding (esp. a civil

lawsuit) sets forth or responds to allegations, claims, denials, or defenses."); Va. Sup. Ct. Form DC 412 (prescribing the form for a Warrant in Debt under Va. Code § 16.1-79).

Moreover, courts have consistently held that attachments to a pleading are integrated into and also constitute a "pleading." *See*, e.g., *Trans-Spec Truck Serv. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) (exhibits attached to the complaint "are properly considered part of the pleading "for all purposes"); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it . . . ."); *Judicial Watch v. United States DOC*, 221 F.R.D. 261, 263 n.1 (D.D.C. 2004) (holding that the term "pleading" includes "affidavits and declarations filed in support of technical pleadings").

Plaintiffs allege that the Summary Screens, which contain information in support of the Midland's claims, are filed at the same time as the Warrant in Debt, *see* Compl., ¶ 11, *i.e.*, that they are attached to the Warrant in Debt.  Therefore, both the Warrant in Debt and the Summary Screens constitute formal pleadings, which are exempt from the requirements of § 1692e(11). Counts Three and Four fail under the plain language of § 1692e(11) and must be dismissed with prejudice.[3]

## CONCLUSION

WHEREFORE, Defendants, Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc., respectfully request that the Court dismiss: (1) all claims against Encore, and (2) Counts Three and Four against Midland Funding and Midland Credit Management.  Defendants further request they be awarded their attorney's fees and costs incurred herein along with any other relief that the Court deems appropriate.

---

[3] Section 1692g(a)'s initial notice requirement contains the same formal pleading exemption as in § 1692e(11).  *See* 15 U.S.C. § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).").  Thus, to the extent that Count Five relies on such documents, it too must be dismissed.

**ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC and
MIDLAND CREDIT MANAGEMENT, INC.**


By:/s/ Timothy J. St. George
                    Of Counsel

David N. Anthony (VSB No. 31696)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC
and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-5410
Facsimile:  (804) 698-5118
Email:  david.anthony@troutmansanders.com

John C. Lynch (VSB No. 39267)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC
and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1504
E-mail: john.lynch@troutmansanders.com

Timothy J. St. George (VSB No. 77349)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC
and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1254
Facsimile:  (804) 698-6013
Email:  tim.stgeorge@troutmansanders.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, VA  23606
Telephone:  (757) 930-3660
Facsimile:   (757) 930-3662
Email:  lenbennett@cox.net

Matthew J. Erausquin, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
Telephone:  (703) 273-6080
Facsimile:   (888) 892-3512
Email:  matt@clalegal.com

Dale W. Pittman, Esq.
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb St.
Petersburg, VA 23803
Telephone:  (804) 861-6000
Facsimile:  (804) 861-3362
Email:  dale@pittmanlawoffice.com

*Counsel for Plaintiffs*

/s/ Timothy J. St. George
Timothy J. St. George (VSB Bar No. 77349)
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-1254
Facsimile:   (804) 698-6013
Email:  tim.stgeorge@troutmansanders.com