# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| 1 | KATHY ADKINS | ) |
| 2 | SHARIF ABDUL-QUDUS | ) |
| 3 | JASON BAILEY | ) |
| 4 | KRISTIE BAILEY | ) |
| 5 | CASSIE BAKER | ) |
| 6 | CHARLES BARRETT | ) |
| 7 | PERINA BELLAMY | ) |
| 8 | DARIUS BENNETT | ) |
| 9 | SONIA BODDIE | ) |
| 10 | BARBARA BOWER | ) |
| 11 | ANTOINETTE BRADSHAW | ) |
| 12 | MARILYN BRANHAM | ) |
| 13 | GENEVIEVE BUCKLEW | ) |
| 14 | VIVIAN BURKE | ) |
| 15 | BETTY BYRD | ) Civil Action No. 3:11-cv-334 |
| 16 | CYNTHIA CALLIS | ) |
| 17 | ROBERT CANIPE | ) |
| 18 | REBECCA CHARLES | ) |
| 19 | KERMIT CHILES | ) |
| 20 | ANGELA COOPER | ) |
| 21 | HALEY COTMAN | ) |
| 22 | NANCY CRAFT | ) |
| 23 | LEATRICE CUFEE | ) |
| 24 | ADRIENE DAVIS | ) |
| 25 | EDUARDO DEE | ) |
| 26 | MARY DRUMGOOLE | ) |
| 27 | MICHAEL DURHAM | ) |
| 28 | DONALD EDWARDS | ) |
| 29 | TANESHIA ELLIS | ) |
| 30 | ANTONIO FUSTER | ) |
| 31 | JOSE GALDOS | ) |
| 32 | CINDY GILLETT | ) |
| 33 | NIKIA GLASS | ) |
| 34 | HILDA GODOY | ) |
| 35 | SHERELLE GODWIN | ) |
| 36 | JOYCE GROSS | ) |
| 37 | JON HARRIS | ) |
| 38 | DONALD HEATH JR. | ) |
| 39 | TINA HENDERSON | ) |
| 40 | LADON HERRING | ) |
| 41 | RUDOLPH HUTCHINS | ) |
| 42 | THELMA JACKSON | ) |

| | | |
|---|---|---|
| 43 | ELIZABETH JAMES | ) |
| 44 | KEVIN JOHNSON | ) |
| 45 | ERIK JOHNSTON | ) |
| 46 | TERRY JONES | ) |
| 47 | TERESA KELLY | ) |
| 48 | TIMOTHY KIRBY | ) |
| 49 | MORGAN KNULL | ) |
| 50 | NANCY LAWHORN | ) |
| 51 | SANDRA LAWSON | ) |
| 52 | MITCHEL LEE | ) |
| 53 | LINDA LUCAS | ) |
| 54 | VIOLET MABE | ) |
| 55 | TAYLORA MANUEL | ) |
| 56 | JANICE MARSHALL | ) |
| 57 | STEPHANIE MCADAMS | ) |
| 58 | HELEN MCCAULEY | ) |
| 59 | THEATRICE MCCLAMMY | ) |
| 60 | WENDELL MCGUIRE | ) |
| 61 | ROBERT MCKAY | ) |
| 62 | TERESA MCLEAN | ) |
| 63 | ANTHONY METZGER | ) |
| 64 | MARK MILLER | ) |
| 65 | MAJDHA NESHEIWAT | ) |
| 66 | MIRAN OH | ) |
| 67 | JOHN OKEEFE | ) |
| 68 | BARBARA PAGE | ) |
| 69 | HEATHER PAYNE | ) |
| 70 | FABIOLA PERKINS | ) |
| 71 | GAREY PETERSON | ) |
| 72 | VICKIE PHILLIPS | ) |
| 73 | MILDRED POINDEXTER | ) |
| 74 | DEREK POLLEY | ) |
| 75 | GREGORY PORTER | ) |
| 76 | NORMETA POWELL | ) |
| 77 | COLLEEN REED | ) |
| 78 | RANDY RIGGINS | ) |
| 79 | REBEKAH ROACH | ) |
| 80 | JENNIFER ROBINSON | ) |
| 81 | MIGUEL RODRIGUEZ | ) |
| 82 | RICHARD ROGER | ) |
| 83 | HAROLD ROGERS | ) |
| 84 | SHABAN SHARIF | ) |
| 85 | BETTY SHEPARD | ) |
| 86 | JOHN SHOREMAN | ) |
| 87 | REBECCA SMITH | ) |
| 88 | MARK SMITH | ) |

| | | |
|---|---|---|
| 89 | JAMES STATEN | ) |
| 90 | FRANCES THOMPSON | ) |
| 91 | BETTIE TOWNER | ) |
| 92 | JOHN TURNER | ) |
| 93 | JOYCE VICK | ) |
| 94 | WILLIE WALKER | ) |
| 95 | WAYNE WASHINGTON | ) |
| 96 | VALISIA WHITLEY | ) |
| 97 | MONICA WILCOXSON | ) |
| 98 | KENNETH WILLIAMS | ) |
| 99 | RONALD WILSON | ) |
| 100 | JOHN WOJTASIAK | ) |
| | | ) |
| Plaintiffs, | | ) |
| | | ) |
| v. | | ) |
| | | ) |
| ENCORE CAPITAL GROUP, INC., et al. | | ) |
| | | ) |
| | Defendants | ) |

## FIRST AMENDED COMPLAINT

COME NOW the Plaintiffs, by counsel, and as for their First Amended Complaint against the Defendants, they allege as follows:

1.    This is an action brought pursuant to the Federal Fair Debt Collection Practices Act (or "FDCPA") and the Telephone Consumer Protection Act (or "TCPA") for compensatory damages, statutory damages, costs, and attorney's fees.

## JURISDICTION

2.    Jurisdiction is proper pursuant to 15 U.S.C. § 1692k, 47 U.S.C. § 227(b) and 28 U.S.C. § 1331.

## PARTIES

3.    Plaintiffs are natural persons and at all times relevant hereto were "consumers" as defined and governed by the FDCPA.

3

4.     Defendant Encore Capital Group, Inc. (or "Encore") is a Delaware corporation with its principal place of business located in San Diego, California and which regularly conducts business in Virginia.

5.     Defendant Midland Funding, LLC (or "Midland Funding") is a Delaware Limited Liability Company with its principal place of business located in San Diego, California and which regularly conducts business in Virginia. It is a wholly owned subsidiary of Encore.

6.     Defendant Midland Credit Management, Inc., (or "MCM") is a foreign corporation with its principal place of business located in San Diego, California and which regularly conducts business in Virginia.  It is a wholly owned subsidiary of Encore.

## STATEMENT OF FACTS

### Encore, MCM and Midland Funding Operate as a Single Business Operation

7.     Defendants operate as a debt buying enterprise.  Encore is not simply a parent holding company, though it owns 100% of the shares and interests in MCM and Midland Funding.  Instead, all three Defendants operate as parts of a single business operation.  Encore provides management and decision-making, Midland Funding exists as an employee-less paper entity that holds title to the enterprise's purchased debt portfolios and MCM operates as the front for contact with the targeted debtor-consumers, calling itself the "servicer" of the Defendants' collection accounts.

8.     On its webpage, Encore explains that, "Encore Capital Group and its subsidiaries (collectively, the "Company") is a leader in financially distressed consumer debt buying and recovery. We purchase defaulted consumer loans from major banks, credit unions, and utility providers and work directly with individuals as they repay their obligations."   http://www.encorecapital.com/about last visited August 29, 2011.

9.     Encore does not operate independently of MCM and Midland Funding.  It does not have a separate office, separate management or separate business and income.   Instead, it serves as the name of

4

the Encore family of subsidiaries, all of who are interrelated and inseparably operated as a single business operation.

10.     The CEO of Encore is also the President of MCM.   The majority of "officers" of Encore or MCM are also officers or directors of other Encore family businesses.

11.     Encore has little or no income that is not directly derived from MCM and Midland Funding.

12.     Encore has consistently held itself out to investors, media, regulators and others as the entity that is engaged in the debt buying and collection operations alleged in this lawsuit.  Encore refers to itself as a frontline entity, part of the "we" as in "we buy and collect debts" or "We currently employ more than 2,100 people, and possess a large third-party network of collection agencies and litigators that spans the United States."  As recently as its August 1, 2011 Second Quarter Financial Results, Encore described itself – not simply its family of subsidiaries – as a debt collector, boasting, that "Encore Capital Group, Inc. (Nasdaq: ECPG), [is] a leader in consumer debt buying and recovery[.]"

13.     Midland Funding does not have any employees.  It is a shell entity used by Encore to purchase and hold technical ownership of the debt portfolios Encore purchases.  Encore and MCM hold all of the company's personnel and active resources.  Midland Funding purchases the debt portfolios and then MCM duns the consumer debtor "on behalf" of Midland Funding.

14.     All or nearly all of the relevant debt collection and "affidavit" manuals used by Defendants to perform such tasks and operations are identified with logos and headings stating that they were the procedures of "Encore Capital Group, Inc. and its subsidiary Midland Credit Management, Inc."

15. There is literally no attempt to separate the business, personnel or operations of Encore from MCM and the related family of entities.  For example, one of the lead employees responsible for training and overseeing the work of the "Legal Specialist" employees who actually sign the affidavits is an

attorney named Rita Melconian.  She is both the Assistant Secretary at Encore and as well as Corporate

Counsel in the Legal Affairs and Litigation department at MCM.  Similarly, Xenia Murphy is the

"Director of Legal Outsourcing" at Encore, but it is actually MCM or Midland Funding that officially

"hires" and supervises the third party law firms that handle the Defendants' collection lawsuits.

16.      The single and principal business purpose of each Defendant is the collection of debts, and

each Defendant is a debt collector as that term is defined at 15 U.S.C. §1692a(6).

17.      For example, and without limitation, Encore shops for, prices and negotiates purchases of

large portfolios of charged-off credit card debts from third parties creditors – credit card companies.   All

of these steps are taken by individuals who are employed by Encore.  They are accomplished for the sole

purpose of collecting these defaulted debts from consumers.   In fact, Encore resells very few, if any, of

these accounts after purchase.  The single way that Encore makes money from these accounts is collecting

on them from consumers.

18.      Similarly, Midland Funding is a debt collector.  It is created for the single purpose of

facilitating and causing the collection of the accounts that Encore purchases.  Title to the accounts is then

held in the name of Midland Funding, which is analogous to Encore's "filing cabinet" in which it stores

the purchased accounts while it tries to collect it from consumers.  It is the title owner to these Encore

purchases.  And it then becomes the named "Plaintiff" in the hundreds of thousands of collection actions

brought by the Defendants around the country.

19.      MCM, on the other hand, serves as the frontline company that deals directly with targeted

consumer debtors.  This enables Encore, a publicly traded company, to keep its name clear of the less

savory actions in which its company is engaged.  It directs the actions of the Encore personnel who

interact with the debtors and with the Defendants' third-party collection law firms, allegedly as the agent

of Midland Funding. For example, MCM does so by causing lawsuits to be filed across the

6

Commonwealth of Virginia (and the country) on behalf of Defendant Midland Funding.  MCM is primarily responsible for generating the false evidence served upon consumers and submitted to courts in its collection actions.

### Defendants' Debt Buying Operation

20. Defendants accomplish their debt-buying operation by purchasing multiple multi-million dollar portfolios of credit accounts that have been charged off by their original creditor.  Most of these are credit card accounts.

21. The personnel and resources used to accomplish and transact these purchases are nearly all those maintained in the name of Encore.  Encore employees negotiate the deals and purchase the portfolios, regardless as to whether or not Encore then titles them in the name of Midland Funding.

22. When Defendants collectively purchase debt portfolios, they do not actually purchase anything other than the theoretical claim of ownership.  There are no notes assigned.  No contracts are transferred. All that Defendants actually purchase is an electronic list of consumers and their last known addresses with an amount the creditor claims to have been owed.  Often the interest rate is not included, dates of birth or social security numbers are not included, and addresses have not been updated.

23. Defendants do not actually purchase and receive the credit contracts, their specific terms, payment histories, sales or billing documents and other documents absolutely necessary to properly prosecute and collect a debt or even to know with any reasonable degree of confidence that a specific debtor opened, used and then failed to pay a debt in a specific amount.

24.  In fact, though Defendants will in contested collection cases produce what is claimed to be an original cardmember agreement or document containing terms and conditions of a credit card account, these documents are false.  Instead, creditors who do transfer or make available later the "terms and

7

conditions" or cardmember agreements do not provide Defendants the actual agreement or documents for that specific account.  Instead, the creditor provides and the Defendants retain only a generic sample contract, which they later represent to Courts as the genuine contract for that specific consumer account.

### Defendants' Use of Virginia General District Court Collections

25.   In Virginia Defendants use primarily two collection law firms to collect their accounts through the Virginia General District Court system.

26.   Dominion Law Associates and Glasser and Glasser are paid on a contingency fee basis to act as the agents of Defendants.

27.   When MCM assigns an account to either firm for collection, this assignment is governed by substantive instructions and procedures dictated to the firm by Defendants, including instructions on how the law firm is to attempt collection through the GDC system.

28.   When a new account is assigned to a law firm for GDC collection, Defendants provided an electronic file of that includes only the basic account data (i.e. it does not contain or accompany substantive account documents such as a contract or payment history).

29.   Thereafter, in accordance with Defendants' instructions, the collection firm electronically requests a collection affidavit, which is generated by automated means at Defendants' Minnesota facility.   The law firm inputs the data it wants inside the affidavit (e.g. name, original creditor, principal owing, etc.) and selects from several form affidavit types.   In Virginia, the law firms and Defendants almost always use a form named "AffRecord", which purports to be a business records affidavit.

30.   After the affidavit is ordered, MCM's employees in Minnesota receive, sign and mail back the finished affidavit to the collection firm.

31.   After receiving the collection affidavit, the collection firm, on behalf of Defendants, will attempt

to contact the debtor to threaten GDC litigation.   It typically does this (and as to all named

Plaintiffs did do this) by enclosing in the mail three documents:  (a.)  A Virginia GDC warrant in

debt, (b.)  The collection affidavit and (c.)  A "Summary Screen."

32.    Additionally, upon the Defendants' instructions, the collection firms sometimes attach

documents they retrieve from an online website that appear to have a connection to the collection

account. For example, the Defendants will have their collection firm attach a cardmember

agreement or a document stating the terms and conditions of a credit card account.

33.    None of these documents - the account summary screen and the purported account documents -

are provided with the collection affidavits by he MCM affiant employee.  Instead, they are printed

and obtained by the collection firms after the fact.

34.    Notwithstanding that these various documents are separate from the affidavit, and that the affiant

signing the affidavit has never seen these documents, Defendants and their collection firms staple

and attach them to the affidavits in a manner that is intended to cause both consumers and GDC

judges believe that they have been authenticated and incorporated by the affidavits.

**Defendants' Use of a Summary Screen and Affidavits**

35.    Defendants' "Summary Screen" printout which it mailed to each Plaintiff, and for many or most

later also filed in General District Court contains a myriad of assertions regarding various components of

the subject debt.

36.    The Summary Screens contained information purporting to be the amount owed by the

Plaintiffs, including a field for the "Credit Score" of the Plaintiffs in those cases in which a Summary

Screen was used.  The Defendants filed this information in the public record.

37.    The Summary Screens uniformly misrepresented the amount of the alleged debt that is

comprised of finance charges and the amount that represents the principal.  Specifically, the Summary

9

Screens overstated the amount of the debt that is described as the "Principal Balance".

38.    In reality, none of the Defendants had actual knowledge of the composition of the debt, including the portion that was principal, and the portion that was attributable to interest (finance charges) applied to the account by the original creditor, or some other unknown debt buyer in the alleged chain of title.

39.    The Summary Screen also failed to inform the Plaintiffs that the Defendants were debt collectors.  For those Plaintiffs for whom the receipt of the Summary Screen and other litigation documents were the initial communication from the Defendants, the Summary Screen similarly failed to inform the Plaintiffs that the Defendants were debt collectors attempting to collect a debt and that any information obtained from the Plaintiffs would be used for that purpose.

40.    As to each Plaintiff, the Affidavit failed to inform the Plaintiff that the Defendants were debt collectors. For those Plaintiffs for which the receipt of the Warrant in Debt and other litigation documents were the initial communication from the Defendants, these documents failed to inform the Plaintiffs that the Defendants were debt collectors attempting to collect a debt and that any information obtained from the Plaintiffs would be used for that purpose.

### Defendants' Use of the Warrant in Debt

41.    Defendants mailed a Warrant in Debt to each of the Plaintiffs when they filed their respective collection lawsuits. The Warrant in Debts contained various assertions regarding the subject accounts.

42.    As to each Plaintiff, the Warrant in Debt failed to inform the Plaintiff that the Defendants were debt collectors. For those Plaintiffs for which the receipt of the Warrant in Debt and other litigation documents were the initial communication from the Defendants, these documents failed to inform the Plaintiffs that the Defendants were debt collectors attempting to collect a debt and that any information obtained from the Plaintiffs would be used for that purpose.

10

43.    These disclosures required by 15 U.S.C. §1692e(11) would have alerted the Plaintiff that the Defendants fell within the definition of a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), thus triggering their rights under the FDCPA, including, but not limited to their right to verification of the debt.

44.    Thereafter, the Defendants never informed the Plaintiffs of their right to verification of the alleged debts pursuant to 15 U.S.C. §1692g, including that the Defendant had even served the correct individual with the lawsuit.

45.    This failure was not inadvertent.  As previously described, the Defendants are debt buyers, removed from the original creditor from the chain of title by one or more entities.  The Defendants also purchase debts from other debt buyers.  The Defendants lacked the information within the files of the original creditors that would demonstrate, for example, the full history of the accounts, the portion of the debts that was attributable to finance charges, the correct interest rate to be applied to the accounts, and even the true identity and address of the individual that had opened the accounts in question.

### Defendants' Specific Collection Conduct regarding Adkins

46.    By way of example only, Defendants placed numerous calls to Plaintiff Adkins' family members.

47.    On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

### Defendants' Specific Collection Conduct regarding Bailey

48.    By way of example only, Defendants placed numerous calls to Plaintiff Bailey's family members.

49.    On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

11

**Defendants' Specific Collection Conduct regarding Baker**

50.   By way of example only, Defendants placed numerous calls to Plaintiff Baker's place of employment regarding the debt. On each such occasion, Baker informed the caller that she was not allowed to receive personal calls at work and asked the callers not to call her at work again.

51.   Despite Baker's repeated requests that the Defendants should stop calling her at work, Defendants continued to make phone calls to Baker's place of employment regarding her debt.  She experienced substantial damage as a result.

**Defendants' Specific Collection Conduct regarding Chiles**

52.   By way of example only, Defendants placed several calls to Plaintiff Chiles' place of employment regarding the debt. On each such occasion, Chiles informed the caller that he was not allowed to receive personal calls at work and asked the callers not to call him at work again.

53.   Despite Chiles' repeated requests that the Defendants should stop calling him at work, Defendants continued to make phone calls to Chiles' place of employment regarding his debt.  He experienced substantial damage as a result.

**Defendants' Specific Collection Conduct regarding Craft**

54.   By way of example only, Defendants placed numerous calls to Plaintiff Craft's family members regarding the debt.

55.   On various occasion, and by way of example only, Defendants stated that Craft was going to lose her home because she didn't pay her bills. These calls caused substantial damages to the Plaintiff.

**Defendants' Specific Collection Conduct regarding Davis**

56.   By way of example only, Defendants placed numerous calls to Plaintiff Davis' family members.

57.   On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

12

### Defendants' Specific Collection Conduct regarding Galdos

58.   By way of example only, Defendants placed numerous calls to Plaintiff Galdos' family members.

59.   On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

### Defendants' Specific Collection Conduct regarding Gillett

60.   By way of example only, Defendants placed several calls to Plaintiff Gillett's place of employment regarding the debt. On each such occasion, Gillett informed the caller that she was not allowed to receive collection calls at work and asked the callers not to call her at work again.

61.   Despite Gillett's repeated requests that the Defendants should stop calling her at work, Defendants continued to make phone calls to Gillett's place of employment.  She experienced substantial damage as a result.

### Defendants' Specific Collection Conduct regarding Harris

62.   By way of example only, Defendants placed numerous calls to Plaintiff Harris' former place of employment and discussed his debt with various employees there. On each such occasion, Harris' former boss would tell the caller that Harris was no longer employed there and not to call back.

63.   Despite this demand that the Defendants should stop calling him at the office, Defendants continued to make phone calls to Harris' former place of employment regarding his debt.  He experienced substantial damage as a result.

### Defendants' Specific Collection Conduct regarding Herring

64.   By way of example only, Defendants placed numerous calls to Plaintiff Herring's family members.

65.    On various occasions, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

66.    Defendants also placed several calls to Plaintiff Herring's place of employment regarding the debt. On each such occasion, Herring informed the caller that she was not allowed to receive personal calls at work and asked the callers not to call her at work again.

67.    Despite this demand that the Defendants should stop calling her at the office, Defendants continued to make phone calls to Herrings' place of employment regarding his debt.  She experienced substantial damage as a result.

## Defendants' Specific Collection Conduct regarding Jackson

68.    By way of example only, Defendants placed numerous calls to Plaintiff Jackson's family members.

69.    On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

## Defendants' Specific Collection Conduct regarding Kirby

70.    By way of example only, Defendants placed numerous calls to Plaintiff Kirby's parents regarding the debt. Kirby's parents informed the Defendants on multiple occasions that Kirby did not live with them, and further, that the Defendants should stop calling them.

71.    Despite their demand that the Defendants should stop calling them, Defendants continued to make phone calls to Kirby's parents regarding his debt. Defendants told Kirby's parents that Kirby had written a bad check to the Defendants and that Kirby was going to have to spend time in jail.   Plaintiff Kirby had never written a bad check to any of the Defendants, and in any event, this was not something that carried the potential for incarceration.  These threats of imprisonment and other violations of the law caused Plaintiff to experience actual damages.

14

## Defendants' Specific Collection Conduct regarding Mabe

72.    By way of example only, Defendants placed numerous calls to Plaintiff Mabe's family members.

73.    On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with these third parties, causing substantial damage to the Plaintiff.

74.    Defendants also placed several calls to Mabe's place of employment regarding the debt. On each such occasion, Mabe informed the caller that she was not allowed to receive personal calls at work and asked the callers not to call her at work again.

75.    Despite Mabe's repeated requests that the Defendants should stop calling her at work, Defendants continued to make phone calls to Mabe's place of employment regarding her debt, causing her to experience substantial damages.

## Defendants' Specific Collection Conduct regarding Manuel

76.    By way of example only, Defendants placed numerous calls to Plaintiff Manuel's place of employment regarding the debt. On each such occasion, Manuel informed the callers that she was not permitted to take persona; calls at work, but agreed that she would take their calls on her cell phone.

77.    Despite Manuel's demand that the Defendants stop calling her at work, and her agreement to accept these calls on her personal cell phone, the Defendants continued to make phone calls to Manuel's place of employment regarding her debt. The repeated calls to Manuel's place of employment with actual knowledge that she was not permitted to accept calls there, despite her willingness to discuss the account if called on her cell phone, are clear indications of Defendants' intent to annoy, abuse, and harass her.

## Defendants' Specific Collection Conduct regarding Page

78.    By way of example only, Defendants placed numerous calls to Plaintiff Page's neighbors.

79.   On each such occasion, Defendants identified themselves as debt collectors and told Page's neighbors that Page didn't pay her bills, causing her to experience substantial damages.

### Defendants' Specific Collection Conduct regarding Porter

80.   By way of example only, Defendants placed numerous calls to Plaintiff Porter's family members.

81.   On each such occasion, Defendants identified themselves as debt collectors and told Porter's family members that Porter didn't pay his bills, causing him to experience substantial damages.

### Defendants' Specific Collection Conduct regarding Qudus

82.   By way of example only, Defendants placed several calls to Plaintiff Qudus' place of employment regarding the debt. On each such occasion, Qudus informed the caller that he was not allowed to receive personal calls at work. He further told the Defendants that if they continued to call him at work, he was fearful that he would be terminated.  Qudus repeatedly and politely asked the callers not to call him at work again.

83.   Despite Qudus' demand that the Defendants stop calling him at work, Defendants continued to make phone calls to Qudus' place of employment regarding his debt, causing him great embarrassment and threatening his ability to remain employed.  Plaintiff nearly lost his job as a direct result of these calls.

### Defendants' Specific Collection Conduct regarding Mark Smith

84.   By way of example only, Defendants bombarded Plaintiff Mark Smith's family members with calls regarding the debt. On each such occasion, Mark Smith's family members informed the Defendants on multiple occasions that Mark Smith did not live with them, and further, that the Defendants should stop calling them.

85.    Despite Smith's family members' repeated pleas that the Defendants should stop calling then, Defendants continued to make phone calls to Mark Smith's family members regarding his debt, causing Mark Smith to suffer substantial damages.

86.    Defendants mailed Mark Smith a letter dated January 28, 2011, in an effort to collect the debt, despite that the Defendants had actual knowledge since 2010 that he was represented by counsel.

### Defendants' Specific Collection Conduct regarding Rebecca Smith

87.    By way of example only, Defendants placed several calls to Plaintiff Rebecca Smith's place of employment regarding the debt. On each such occasion, Rebecca Smith would inform the caller that she was not allowed to receive personal calls at work and asked the callers not to call her at work again.

88.    Despite this demand that the Defendants should stop calling her at the office, Defendants continued to make phone calls to Smith's place of employment regarding her debt.  She experienced substantial damage as a result.

89.    Furthermore, Defendants placed numerous calls to Rebecca Smith's home, often multiple times per day.  These excessive phone calls are clear indications of Defendants' intent to annoy, abuse, and harass her.

### Defendants' Specific Collection Conduct regarding Towner

90.    By way of example only, Defendants placed numerous calls to Plaintiff Towner's family members and coworkers.

91.    On each such occasion, Defendants identified themselves as debt collectors and discussed the debt with Plaintiffs' family members and co-workers.  Plaintiff Towner was substantially damaged as a result.

### Defendants' Specific Collection Conduct regarding Washington

92.    By way of example only, Defendants placed several calls to Plaintiff Washington's place of employment regarding the debt. On each such occasion, Washington informed the caller that he was not allowed to receive personal calls at work, and asked the callers not to call him at work again.

93.    Despite this demand that the Defendants should stop calling him at his place of employment, Defendants continued to do so.  Plaintiff experienced substantial damage as a result.

### Defendants' Specific Collection Conduct regarding Williams

94.    By way of example only, Defendants placed numerous calls to Plaintiff Williams' family members.

95.    On each such occasion, Defendants identified themselves as debt collectors and told Williams' family members that Williams didn't pay his bills, causing him to experience actual damages.

### Defendants' Specific Collection Conduct regarding Wilson

96.    By way of example only, Defendants placed several calls to Plaintiff Wilson's family members regarding the debt. On each such occasion, Wilson's family members informed the Defendants that Wilson did not live with them, that they did not know anything about his debt, and further, that the Defendants should stop calling them.

97.    Despite their demands that the Defendants should stop calling them, Defendants continued to make phone calls to Wilson's family members regarding his debt, causing Wilson to experience substantial damages.

### Defendants' Specific Collection Conduct regarding Violations of the Telephone Consumer Protection Act

98.    With regard to Plaintiffs Lee, Mabe, Porter, Rogers, Shepard, Towner, Wilcoxson, and Wilson, the Defendants and their agents (or "Midland Entities") engaged in the practice of placing numerous calls to their cell phones and residential land lines using a combination of automatic telephone dialers and prerecorded voice messages, without the express consent of any of these Plaintiffs.

18

**COUNT ONE:**
**All Defendants**
**15 U.S.C. § 1692e**
**(All Plaintiffs)**

99. Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

100.     Defendants Encore, Midland Funding and MCM are "debt collectors" as governed by the

FDCPA.

101.     Defendants Midland Funding and MCM used false, deceptive and misleading

representations or means in connection with the collection of the alleged debt from the Plaintiffs, in

violation of 15 U.S.C. §1692e.

102.     In the alternative to the allegation that it is a debt collector in its own right, Defendant

Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of

respondeat superior because they conducted the actions described herein while acting at the direction of

Defendant Encore and for its direct benefit.

103.     The Defendants are each liable to the Plaintiffs for their actual damages sustained,

statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

**COUNT TWO:**
**All Defendants**
**15 U.S.C. § 1692e(2)**
**(Plaintiffs 2, 4, 6, 7, 8, 10, 11, 12, 13, 14, 15, 17, 18, 22, 23, 25, 26, 28, 29, 30, 33, 34,**
**35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58,**
**59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82,**
**83, 85, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, and 100 only)**

104.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

105.     Defendants Midland Funding and MCM falsely represented the character, amount and/or

legal status of the alleged debts in the "Summary Screens" mailed to the Plaintiffs, in violation of 15

U.S.C. §1692e(2).

106.     Upon information and belief, the Defendants intentionally misrepresented the portion of

19

the debt that was comprised of finance charges.

107.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

108.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

**COUNT THREE:**
**All Defendants**
**15 U.S.C. § 1692e(10)**
**(Plaintiffs 5, 19, 20, 48, 97)**

109.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

110.     Defendants Midland Funding and MCM used false or deceptive means in an attempt to collect a debt by their actions, including but not limited to, attaching generic cardholder agreements or other account documents to the "Warrant in Debt" and then claiming that these were the actual agreements or account documents for that specific account.

111.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

112.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

**COUNT FOUR:**
**All Defendants**
**15 U.S.C. § 1692e(10)**
**(Plaintiffs 3, 5, 9, 16, 19, 20, 21, 24, 27, 32, 48, 80, 84, 86 and 97 only)**

113.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

114.     Defendants Midland Funding and MCM used false or deceptive means in an attempt to

collect a debt by their actions, including but not limited to, attaching invoices or other documents to the Personal Knowledge Affidavit. This created the misperception that the affiant had seen and reviewed the documents attached to the invoice when in fact the affiant had not.  Instead, the Defendants' law firms in Virginia retrieved these documents from the internet and when the alleged "personal knowledge" affidavit arrived in the mail, they simply filed these account statements and documents with the affidavit, as if the affiant had ever seen, reviewed or relied upon them in making her sworn statement.  In reality, none of the Defendants' affiants review account statements or cardholder agreements before signing their affidavits and mailing the 2 page affidavit to the law firms in Virginia that sued the Plaintiffs on the Defendants' behalf.

115.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

116.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

**COUNT FIVE:**
**All Defendants**
**15 U.S.C. § 1692e(11) – Summary Screen**
**(Plaintiffs 2, 4, 6, 7, 8, 10, 11, 12, 13, 14, 15, 17, 18, 22, 23, 25, 26, 28, 29, 30, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83, 85, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, and 100 only)**

117.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

118.     At the time that the collection lawsuit was filed, Defendants MCM and Midland Funding sent a communication to the Plaintiffs that bore the legend "Summary Screen", and which purported to contain information indicating the details of the account.

119.     To the extent that the "Summary Screen" was the Defendants' first communication with

the Plaintiffs, it failed to inform the Plaintiffs that the Defendants were debt collectors, that they were attempting to collect a debt, and/or that any information obtained would be used for that purpose, in violation of 15 U.S.C. §1692e(11).

120.     In the alternative, the Summary Screen was a subsequent communication with the Plaintiffs and it failed to inform the Plaintiffs that the Defendants were debt collectors, in violation of 15 U.S.C. §1692e(11).

121.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

122.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

**COUNT SIX:**
**All Defendants**
**15 U.S.C. § 1692e(11) – Personal Knowledge Affidavit**
**(Plaintiffs 1, 3, 4, 5, 6, 7, 8, 9, 11, 13, 14, 15, 16, 18, 19, 22, 23, 24, 25, 26, 29, 30, 31, 33, 34, 35, 36, 37, 38, 42, 43, 45, 46, 48, 49, 51. 56, 58, 60, 61, 62, 63, 67, 68, 71, 72, 73, 75, 76, 77, 78, 80, 81, 82, 85, 86, 87, 89, 93, 94, 98, 99 only)**

123.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

124.     At the time that the collection lawsuit was filed, Defendants MCM and Midland Funding sent a communication to the Plaintiffs claiming to be an affidavit of a Midland employee. These affidavits (or "Personal Knowledge Affidavit"), while they vary from case to case, all include statements

  a.  that the affiant has access to pertinent account records.

  b.  that the affiant makes the statements in the affidavit based upon personal knowledge of those account records maintained by Midland Funding.

  c.  that the affiant has access to and has reviewed the records pertaining to the account.

  d.  that the affiant is familiar with the manner and method by which MCM creates and

22

maintains business records pertaining to the account.

e. that the witness has personal knowledge and knows that the records were kept in the regular course of business, (and how and by whom).

f. that the affiant has personal knowledge of the existence and amount of the asserted debt balance.

g. that if called to testify in court, the affiant would be competent to testify under oath to all contents in the affidavit.

125.     To the extent that the Personal Knowledge Affidavit was the Defendants' first communication with the Plaintiffs, it failed to inform the Plaintiffs that the Defendants were debt collectors, that they were attempting to collect a debt, and/or that any information obtained would be used for that purpose, in violation of 15 U.S.C. §1692e(11).

126.     In the alternative, the Personal Knowledge Affidavit was a subsequent communication with the Plaintiffs and it failed to inform the Plaintiffs that the Defendants were debt collectors, in violation of 15 U.S.C. §1692e(11).

127.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

128.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

### COUNT SEVEN:
### All Defendants
### 15 U.S.C. § 1692e(11) – MCM Statement
### (Plaintiffs 21, 32, 80 only)

129.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

130.     At the time that the collection lawsuit was filed, Defendants MCM and Midland Funding

sent a communication to the Plaintiffs titled "MCM Statement" which purported to contain information relating to the Plaintiff's account, including previous balance, interest rate, accrued interest and the current balance on the account.

131.     To the extent that this MCM Statement was Defendants' first communication with the Plaintiffs, it failed to inform the Plaintiffs that the Defendants were debt collectors, that they were attempting to collect a debt, and/or that any information obtained would be used for that purpose, in violation of 15 U.S.C. §1692e(11).

132.     In the alternative, the MCM Statement was a subsequent communication with the Plaintiffs and it failed to inform the Plaintiffs that the Midland Defendants were debt collectors, in violation of 15 U.S.C. §1692e(11).

133.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

134.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

**COUNT EIGHT:**
**All Defendants**
**15 U.S.C. § 1692g(a)**
**(All Plaintiffs)**

135.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

136.     Defendants Midland Funding and MCM failed to timely send the Plaintiffs a written notice that complied with the requirements of 15 U.S.C. §1692g(a) and which informed them of their right to request verification of the debt.

137.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while

24

acting at the direction of Defendant Encore and for its direct benefit.

138.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

## COUNT NINE:
## VIOLATION OF 15 U.S.C. § §1692b(2)
## (Plaintiff Adkins Individually)

139.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

140.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Adkins owed a debt.

141.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Adkins' family members that she owed a debt and other violations set forth herein, Adkins has experienced actual damages.

142.     Adkins is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TEN:
## VIOLATION OF 15 U.S.C. § 1692c(b)
## (Plaintiff Adkins Individually)

143.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

144.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Adkins and without express permission of a court.

145.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Adkins' family members and other violations set forth herein, Adkins has experienced actual damages.

146.     Adkins is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT ELEVEN:
## VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Adkins Individually)

147.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

148.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

149.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Adkins' family members that she owed a debt and other violations set forth herein, Adkins has experienced actual damages.

150.     Adkins is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWELVE:
## VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Bailey Individually)

151.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

152.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Bailey owed a debt.

153.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Bailey's family members that he owed a debt and other violations set forth herein, Bailey has experienced actual damages.

154.     Bailey is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THIRTEEN:
## VIOLATION OF 15 U.S.C. § 1692c(b)
## (Plaintiff Bailey Individually)

155.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

156.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Bailey and without express permission of a court.

157.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Bailey's family members and other violations set forth herein, Bailey has experienced actual damages.

158.     Bailey is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOURTEEN:
## VIOLATION OF 15 U.S.C. § 1692f
## (Plaintiff Bailey Individually)

159.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

160.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

161.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Bailey's family members that he owed a debt and other violations set forth herein, Bailey has experienced actual damages.

162.     Bailey is therefore entitled to actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT FIFTEEN:**
**VIOLATION OF 15 U.S.C. § 1692b(2)**
**(Plaintiff Baker Individually)**

163.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

164.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Baker owed a debt.

165.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Baker's coworkers that she owed a debt and other violations set forth herein, Baker has experienced actual damages.

166.     Baker is therefore entitled to an award of actual and statutory damages against the Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SIXTEEN:**
**VIOLATION OF 15 U.S.C. § 1692c(a)(3)**
**(Plaintiff Baker Individually)**

167.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

168.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Baker at her place of employment following her repeated notification to the Defendants that her employer prohibited such calls.

169.    As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment after Defendants were notified that she was not allowed to receive such calls, and other violations set forth herein, Baker has experienced actual damages.

170.    Baker is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT SEVENTEEN:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Baker Individually)

171.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

172.    The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Baker and without express permission of a court.

173.    As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Baker's coworkers and other violations set forth herein, Baker has experienced actual damages.

174.    Baker is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT EIGHTEEN:
### VIOLATION OF 15 U.S.C. § 1692d
### (Plaintiff Baker Individually)

175.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

176.    The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Baker by their repeated calls to her place of employment.

177.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Baker has experienced actual damages.

178.     Baker is therefore entitled to an award of actual and statutory damages against Defendants well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT NINETEEN:
### All Defendants
### 15 U.S.C. § 1692e(2)
### (Plaintiff Baker Individually)

179.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

180.     Defendants Midland Funding and MCM falsely represented the character, amount and/or legal status of the alleged debts in the "Warrant in Debt" mailed to the Baker, in violation of 15 U.S.C. §1692e(2) by actions including, but not limited to, listing costs on the Warrant in Debt that were not owed legally owed by Baker.

181.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

182.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

### COUNT TWENTY:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Baker Individually)

183.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

184.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

185.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Baker's coworkers and other violations set forth herein, Baker has experienced actual damages.

186.     Baker is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT TWENTY-ONE:**
**VIOLATION OF 15 U.S.C. § 1692c(a)(3)**
**(Plaintiff Chiles Individually)**

187.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

188.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Chiles at his place of employment following his repeated notification to the Defendants that his employer prohibited such calls.

189.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment after Defendants were notified that he was not allowed to receive such calls, and other violations set forth herein, Chiles has experienced actual damages.

190.     Chiles is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT TWENTY-TWO:**
**VIOLATION OF 15 U.S.C. § 1692d**
**(Plaintiff Chiles Individually)**

191.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

192.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Chiles by their repeated calls to his place of employment.

193.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Chiles has experienced actual damages.

194.     Chiles is therefore entitled to an award of actual and statutory damages against Defendants well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT TWENTY-THREE:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Chiles Individually)

195.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

196.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

197.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment after Defendants were notified that he was not allowed to receive such calls, and other violations set forth herein, Chiles has experienced actual damages.

198.     Chiles is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT TWENTY-FOUR
### All Defendants
### 15 U.S.C. § 1692e(2)
### (Plaintiff Cooper Individually)

199.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

200.     Defendants Midland Funding and MCM falsely represented the character, amount and/or legal status of the alleged debts in the "Warrant in Debt" mailed to the Cooper, in violation of 15 U.S.C. §1692e(2) by actions including, but not limited to, listing a principal amount on the Warrant in Debt not legally owed by Cooper.

201.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

202.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

**COUNT TWENTY-FIVE:**
**All Defendants**
**15 U.S.C. § 1692e(2)**
**(Plaintiff Cotman Individually)**

203.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

204.     Defendants Midland Funding and MCM falsely represented the character, amount and/or legal status of the alleged debts in an MCM printout attached to the "Warrant in Debt" mailed to the Cotman, in violation of 15 U.S.C. §1692e(2) by actions including, but not limited to, listing an interest rate and interest amount on the Warrant in Debt not legally owed by Cotman.

205.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

206.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

**COUNT TWENTY-SIX**
**VIOLATION OF 15 U.S.C. § 1692e(4)**
**(Plaintiff Craft Individually)**

207.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

208.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(4) by their actions, which include but are not limited to the false representation made by the Defendants that they were going to take the consumer's house because of her outstanding account with the Defendant.

209.     As a result of the actions taken by the Defendants, including their false threats and misrepresentations, Craft has experienced actual damages.

210.     Craft is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT TWENTY-SEVEN:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Craft Individually)

211.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

212.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

213.     As a result of the actions taken by the Defendants, including their false threats and misrepresentations, Craft has experienced actual damages.

214.     Craft is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT TWENTY-EIGHT:
### VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Davis Individually)

215.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

216.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Davis owed a debt.

217.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Davis' family members that she owed a debt and other violations set forth herein, Davis has experienced actual damages.

218.     Davis is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT TWENTY-NINE:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Davis Individually)

219.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

220.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without Davis' prior consent.

221.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Davis' family members and other violations set forth herein, Davis has experienced actual damages.

222.     Davis is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT THIRTY:
### All Defendants
### 15 U.S.C. § 1692e(2)
### (Plaintiff Davis Individually)

223.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

224.     Defendants Midland Funding and MCM falsely represented the character, amount and/or legal status of the alleged debts in the "Warrant in Debt" mailed to Davis, in violation of 15 U.S.C. §1692e(2) by actions including, but not limited to, listing a principal amount on the Warrant in Debt that was not legally owed by Davis.

225.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

35

226.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

## COUNT THIRTY-ONE:
## VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Davis Individually)

227.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

228.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

229.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Davis' family members that she owed a debt and other violations set forth herein, Davis has experienced actual damages.

230.     Davis is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THIRTY-TWO:
## VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Galdos Individually)

231.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

232.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Galdos owed a debt.

233.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Galdos' family members that he owed a debt and other violations set forth herein, Galdos has experienced actual damages.

234.     Galdos is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THIRTY-THREE:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Galdos Individually)

235.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

236.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Galdos and without express permission of a court.

237.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Galdos' family members and other violations set forth herein, Galdos has experienced actual damages.

238.     Galdos is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THIRTY-FOUR:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Galdos Individually)

239.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

240.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

241.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Galdos' family members that he owed a debt and other violations set forth herein, Galdos has experienced actual damages.

242.     Galdos is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THIRTY-FIVE:
### VIOLATION OF 15 U.S.C. § 1692c(a)(3)

**(Plaintiff Gillett Individually)**

243.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

244.    The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Gillett at her place of employment following her repeated notification to the Defendants that her employer prohibited such calls.

245.    As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment after Defendants were notified that she was not allowed to receive such calls, and other violations set forth herein, Gillett has experienced actual damages.

246.    Gillett is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT THIRTY-SIX:**
**VIOLATION OF 15 U.S.C. § 1692d**
**(Plaintiff Gillett Individually)**

247.    Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

248.    The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Gillett by their repeated calls to her place of employment.

249.    As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Gillett has experienced actual damages.

250.     Gillett is therefore entitled to an award of actual and statutory damages against Defendants well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THIRTY-SEVEN:
### All Defendants
### 15 U.S.C. § 1692e(2)
### (Plaintiff Gillett Individually)

251.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

252.     Defendants Midland Funding and MCM falsely represented the character, amount and/or legal status of the alleged debts in the MCM printout attached to the "Warrant in Debt" mailed to the Gillett, in violation of 15 U.S.C. §1692e(2) by actions including, but not limited to, listing an interest rate and amount of interest on the Warrant in Debt that was not legally owed by Gillett.

253.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

254.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

## COUNT THIRTY-EIGHT:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Gillett Individually)

255.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

256.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

257.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment after Defendants were notified that she was not allowed to receive such calls, and other violations set forth herein, Gillett has experienced actual damages.

258.     Gillett is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THIRTY-NINE:
## VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Harris Individually)

259.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

260.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Harris owed a debt.

261.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Harris' former employer that he owed a debt and other violations set forth herein, Harris has experienced actual damages.

262.     Harris is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FORTY:
## VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Harris Individually)

263.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

264.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Harris and without express permission of a court.

265.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Harris' former place of employment and other violations set forth herein, Harris has experienced actual damages.

266.     Harris is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FORTY-ONE:
## VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Harris Individually)

267.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

268.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

269.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Harris' former place of employment and other violations set forth herein, Harris has experienced actual damages.

270.     Harris is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FORTY-TWO:
## VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Herring Individually)

271.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

272.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Herring owed a debt.

273.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Herring's family members and coworkers that she owed a debt and other violations set forth herein, Herring has experienced actual damages.

274.     Herring is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FORTY-THREE:
## VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Herring Individually)

275.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

276.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of Herring and without express permission of a court.

277.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Herring's family members and coworkers and other violations set forth herein, Herring has experienced actual damages.

278.     Herring is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FORTY-FOUR:
## VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Herring Individually)

279.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

280.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

281.     As a result of the actions taken by the Defendants, which include but are not limited to abusing and harassing Herring by their repeated calls to her family members and coworkers.

282.     Herring is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FORTY-FIVE:
## VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Jackson Individually)

283.        Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

284.        The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Jackson owed a debt.

285.        As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Jackson's family members that she owed a debt and other violations set forth herein, Jackson has experienced actual damages.

286.        Jackson is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FORTY-SIX:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Jackson Individually)

287.        Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

288.        The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Jackson and without express permission of a court.

289.        As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Jackson's family members and other violations set forth herein, Jackson has experienced actual damages.

290.        Jackson is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FORTY-SEVEN:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Jackson Individually)

291.      Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

292.      The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

293.      As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Jackson's family members that she owed a debt and other violations set forth herein, Jackson has experienced actual damages.

294.      Jackson is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FORTY-EIGHT:
### VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Kirby Individually)

295.      Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

296.      The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Kirby owed a debt.

297.      As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Kirby's parents that he owed a debt and other violations set forth herein, Kirby has experienced actual damages.

298.      Kirby is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FORTY-NINE:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Kirby Individually)

299.      Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

300.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Kirby and without express permission of a court.

301.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Kirby's parents and other violations set forth herein, Kirby has experienced actual damages.

302.     Kirby is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIFTY:
### All Defendants
### 15 U.S.C. § 1692e(2)
### (Plaintiff Kirby Individually)

303.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

304.     Defendants Midland Funding and MCM falsely represented the character, amount and/or legal status of the alleged debts in the MCM printout attached to the "Warrant in Debt" mailed to the Kirby, in violation of 15 U.S.C. §1692e(2) by actions including, but not limited to, listing an interest rate and amount of interest on that Warrant in Debt that was not legally owed by Kirby.

305.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

306.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

## COUNT FIFTY-ONE:
### VIOLATION OF 15 U.S.C. § 1692e(7)
### (Plaintiff Kirby Individually)

307.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

308.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(7) by their actions, which include but are not limited to the statements made by the Defendants during their false representation that the consumer committed a crime in order to disgrace the consumer.

309.     As a result of the actions taken by the Defendants, which include but are not limited to telling Plaintiff Kirby's parents that Kirby wrote a bad check and would be sent to prison, and for other violations set forth herein, Kirby has experienced actual damages.

310.     Kirby is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIFTY-TWO:
## VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Kirby Individually)

311.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

312.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

313.     As a result of the actions taken by the Defendants, which include but are not limited to telling Plaintiff Kirby's parents that Kirby wrote a bad check and would be sent to prison, for repeatedly contacting Kirby's parents without his permission, and for other violations set forth herein, Kirby has experienced actual damages.

314.     Kirby is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIFTY-THREE:
## VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Mabe Individually)

315.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

46

316.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Mabe owed a debt.

317.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Mabe's family members and coworkers that she owed a debt and other violations set forth herein, Mabe has experienced actual damages.

318.     Mabe is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FIFTY-FOUR:
### VIOLATION OF 15 U.S.C. § 1692c(a)(3)
### (Plaintiff Mabe Individually)

319.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

320.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Mabe at her place of employment following her repeated notification to the Defendants that her employer prohibited such calls.

321.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment after Defendants were notified that she was not allowed to receive such calls, and other violations set forth herein, Mabe has experienced actual damages.

322.     Mabe is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FIFTY-FIVE:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Mabe Individually)

323.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

324.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of Mabe and without express permission of a court.

325.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Mabe's family members and coworkers and other violations set forth herein, Mabe has experienced actual damages.

326.     Mabe is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FIFTY-SIX:
### VIOLATION OF 15 U.S.C. § 1692d
### (Plaintiff Mabe Individually)

327.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

328.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Mabe by their repeated calls to her place of employment.

329.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Mabe has experienced actual damages.

330.     Mabe is therefore entitled to an award of actual and statutory damages against Defendants well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT FIFTY-SEVEN:
### VIOLATION OF 15 U.S.C. § 1692f

**(Plaintiff Mabe Individually)**

331.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

332.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

333.     As a result of the actions taken by the Defendants, which include but are not limited to abusing and harassing Mabe by their repeated calls to her family members and coworkers.

334.     Mabe is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT FIFTY-EIGHT:**
**VIOLATION OF 15 U.S.C. § 1692d**
**(Plaintiff Manuel Individually)**

335.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

336.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Manuel by their repeated calls to her place of employment after she informed them that she was not permitted to take calls at work, and expressed willingness to talk to them if they called her personal cell phone number.

337.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Manuel has experienced actual damages.

338.     Manuel is therefore entitled to an award of actual and statutory damages against Defendants well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT FIFTY-NINE:**
**VIOLATION OF 15 U.S.C. § 1692f**
**(Plaintiff Manuel Individually)**

49

339.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

340.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

341.     As a result of the actions taken by the Defendants, which include but are not limited to abusing and harassing Manuel by their repeated calls to her place of employment after she informed them that she was not permitted to take such calls at work, and expressed willingness to talk to them if they called her personal cell phone number.

342.     Manuel is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIXTY:
## VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Page Individually)

343.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

344.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Page owed a debt.

345.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Page's neighbors that she owed a debt and other violations set forth herein, Page has experienced actual damages.

346.     Page is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIXTY-ONE:
## VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Page Individually)

347.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

348.      The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Page and without express permission of a court.

349.      As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Page's neighbors and other violations set forth herein, Page has experienced actual damages.

350.      Page is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT SIXTY-TWO:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Page Individually)

351.      Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

352.      The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

353.      As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Page's neighbors that she owed a debt and other violations set forth herein, Page has experienced actual damages.

354.      Page is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT SIXTY-THREE:
### VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Porter Individually)

355.      Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

356.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Porter owed a debt.

357.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Porter's family members that he owed a debt and other violations set forth herein, Porter has experienced actual damages.

358.     Porter is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT SIXTY-FOUR:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Porter Individually)

359.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

360.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of Porter and without express permission of a court.

361.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Porter's family members and other violations set forth herein, Porter has experienced actual damages.

362.     Porter is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT SIXTY-FIVE:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Porter Individually)

363.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

364.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

365.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Porter's family members that he owed a debt and other violations set forth herein, Porter has experienced actual damages.

366.     Porter is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIXTY-SIX:
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)
### (Plaintiff Qudus Individually)

367.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

368.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Qudus at his place of employment following his repeated notification to the Defendants that his employer prohibited such calls.

369.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment after Defendants were notified that he was not allowed to receive such calls, and other violations set forth herein, Qudus has experienced actual damages.

370.     Qudus is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIXTY-SEVEN:
## VIOLATION OF 15 U.S.C. § 1692d
### (Plaintiff Qudus Individually)

371.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

372.      The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Qudus by their repeated calls to his place of employment.

373.      As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Qudus has experienced actual damages.

374.      Qudus is therefore entitled to an award of actual and statutory damages against Defendants well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIXTY-EIGHT:
## VIOLATION OF 15 U.S.C. § 1692f
## (Plaintiff Qudus Individually)

375.      Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

376.      The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

377.      As a result of the actions taken by the Defendants, which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Qudus at his place of employment following his repeated notification to the Defendants that his employer prohibited such calls.

378.      Qudus is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIXTY-NINE:
## All Defendants
## 15 U.S.C. § 1692e(2)
## (Plaintiff Robinson Individually)

379.      Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

54

380.     Defendants Midland Funding and MCM falsely represented the character, amount and/or legal status of the alleged debts in the MCM printout attached to the "Warrant in Debt" mailed to the Robinson, in violation of 15 U.S.C. §1692e(2) by actions including, but not limited to, listing an interest rate and amount of interest on the Warrant in Debt that was not legally owed by Robinson.

381.     Defendant Encore is liable for the actions of Defendants Midland Funding and MCM pursuant to the doctrine of respondeat superior because they conducted the actions described herein while acting at the direction of Defendant Encore and for its direct benefit.

382.     The Defendants are each liable to the Plaintiffs for their actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. §1692k.

## COUNT SEVENTY:
## VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Mark Smith Individually)

383.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

384.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that the Smith owed a debt.

385.     As a result of the actions taken by the Defendants, which include but are not limited to their statements made to Plaintiff Smith's mother about his debt and other violations set forth herein, Mark Smith has experienced actual damages.

386.     Mark Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVENTY-ONE:
## VIOLATION OF 15 U.S.C. § 1692b(3)
### (Plaintiff Mark Smith Individually)

387.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

55

388.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(3) by their actions which include but are not limited to the representations made by the Defendants during their repeated communications with third parties when the Defendants had no reasonable basis to believe that the earlier responses of said third parties concerning their knowledge of Mark Smith's location information were erroneous or incomplete.

389.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications with Mark Smith's mother after she informed Defendants that Mark Smith no longer resided with her and that she did not wish to receive any further calls and other violations set forth herein, Smith has experienced actual damages.

390.     Mark Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT SEVENTY-TWO:
### VIOLATION OF 15 U.S.C. § 1692c(a)(2)
### (Plaintiff Mark Smith Individually)

391.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

392.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(a)(2) by their actions which include but are not limited to communicating with Mark Smith after Defendants knew that Mark Smith was represented by counsel regarding the alleged debt.

393.     As a result of the actions taken by the Defendants, which include but are not limited to contacting Mark Smith directly by sending letters to Mark Smith after Defendants knew that he was represented by counsel regarding the alleged debt and other violations set forth herein, Mark Smith has experienced actual damages.

394.     Mark Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

56

## COUNT SEVENTY-THREE:
## VIOLATION OF 15 U.S.C. § 1692c(b)
## (Plaintiff Mark Smith Individually)

395.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

396.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of Mark Smith and without express permission of a court.

397.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Mark Smith's mother and other violations set forth herein, Mark Smith has experienced actual damages.

398.     Mark Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVENTY-FOUR:
## VIOLATION OF 15 U.S.C. § 1692d
## (Plaintiff Mark Smith Individually)

399.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

400.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Mark Smith by their repeated calls to Mark Smith's mother's house.

401.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Mark Smith's mother with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Mark Smith has experienced actual damages.

402.     Mark Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SEVENTY-FIVE:**
**VIOLATION OF 15 U.S.C. § 1692f**
**(Plaintiff Mark Smith Individually)**

403.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

404.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

405.     As a result of the actions taken by the Defendants, which include but are not limited to contacting Mark Smith directly by sending letters to Mark Smith after Defendants knew that Mark Smith was represented by counsel regarding the alleged debt, their repeated communications to Mark Smith's mother and other violations set forth herein, Mark Smith has experienced actual damages.

406.     Mark Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SEVENTY-SIX:**
**VIOLATION OF 15 U.S.C. § 1692b(2)**
**(Plaintiff Rebecca Smith Individually)**

407.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

408.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Rebecca Smith owed a debt.

409.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Rebecca Smith's family members and coworkers that she owed a debt and other violations set forth herein, Rebecca Smith has experienced actual damages.

410.      Rebecca Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT SEVENTY-SEVEN:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Rebecca Smith Individually)

411.      Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

412.      The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Rebecca Smith and without express permission of a court.

413.      As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Rebecca Smith's family members and coworkers and other violations set forth herein, Rebecca Smith has experienced actual damages.

414.      Rebecca Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT SEVENTY-EIGHT:
### VIOLATION OF 15 U.S.C. § 1692d
### (Plaintiff Rebecca Smith Individually)

415.      Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

416.      The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Rebecca Smith by placing numerous and repeated calls to her home.

417.      As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to her home with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Rebecca Smith has experienced actual damages.

418.     Rebecca Smith is therefore entitled to an award of actual and statutory damages against Defendants well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVENTY-NINE:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Rebecca Smith Individually)

419.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

420.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

421.     As a result of the actions taken by the Defendants, which include but are not limited to abusing and harassing Rebecca Smith by their repeated calls to her home with the intent to annoy, abuse, or harass her, and placing unauthorized calls to her family members and coworkers.

422.     Rebecca Smith is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHTY:
### VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Towner Individually)

423.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

424.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Towner owed a debt.

425.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Towner's family members and coworkers that she owed a debt and other violations set forth herein, Towner has experienced actual damages.

426.     Towner is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHTY-ONE:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Towner Individually)

427.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

428.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of Plaintiff Towner and without express permission of a court.

429.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Towner's family members and coworkers and other violations set forth herein, Towner has experienced actual damages.

430.     Towner is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHTY-TWO:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Towner Individually)

431.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

432.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

433.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Towner's family members and coworkers that she owed a debt and other violations set forth herein, Towner has experienced actual damages.

434.     Towner is therefore entitled to an award of actual and statutory damages against Defendants as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHTY-THREE:
### VIOLATION OF 15 U.S.C. § 1692c(a)(3)

**(Plaintiff Washington Individually)**

435.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

436.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with Washington at his place of employment following his repeated notification to the Defendants that his employer prohibited such calls.

437.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment after Defendants were notified that he was not allowed to receive such calls, and other violations set forth herein, Washington has experienced actual damages.

438.     Washington is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT EIGHTY-FOUR:
VIOLATION OF 15 U.S.C. § 1692d
(Plaintiff Washington Individually)**

439.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

440.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by their actions, which include but are not limited to abusing and harassing Washington by their repeated calls to his place of employment.

441.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment with the intent to annoy, abuse, or harass the person to whom the call was placed, and other violations set forth herein, Washington has experienced actual damages.

442.     Washington is therefore entitled to an award of actual and statutory damages against Defendants well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHTY-FIVE:
## VIOLATION OF 15 U.S.C. § 1692f
## (Plaintiff Washington Individually)

443.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

444.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

445.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to his place of employment after Defendants were notified that he was not allowed to receive such calls, and other violations set forth herein, Washington has experienced actual damages.

446.     Washington is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHTY-SIX:
## VIOLATION OF 15 U.S.C. § 1692b(2)
## (Plaintiff Williams Individually)

447.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

448.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Williams owed a debt.

449.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Williams' family members that he owed a debt and other violations set forth herein, Williams has experienced actual damages.

450.     Williams is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHTY-SEVEN:
## VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Williams Individually)

451.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

452.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Williams and without express permission of a court.

453.     As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Williams' family members and other violations set forth herein, Williams has experienced actual damages.

454.     Williams is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT EIGHTY-EIGHT:
## VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Williams Individually)

455.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

456.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

457.     As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Williams' family members that he owed a debt and other violations set forth herein, Williams has experienced actual damages.

458.      Williams is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT EIGHTY-NINE:
### VIOLATION OF 15 U.S.C. § 1692b(2)
### (Plaintiff Wilson Individually)

459.      Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

460.      The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692b(2) by their actions, which include but are not limited to the statements made by the Defendants during their repeated communications with third parties that Wilson owed a debt.

461.      As a result of the actions taken by the Defendants, which include but are not limited to their disclosure to Wilson's family members that he owed a debt and other violations set forth herein, Wilson has experienced actual damages.

462.      Wilson is therefore entitled to an award of actual and statutory damages against Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT NINETY:
### VIOLATION OF 15 U.S.C. § 1692c(b)
### (Plaintiff Wilson Individually)

463.      Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

464.      The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692c(b) by their actions which include but are not limited to the statements made by the Defendants during their repeated, unauthorized communications with a third-party without prior consent of the Wilson and without express permission of a court.

465.      As a result of the actions taken by the Defendants, which include but are not limited to their repeated communications to Wilson's family members and other violations set forth herein, Wilson has experienced actual damages.

466.     Wilson is therefore entitled to an award of actual and statutory damages against

Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT NINETY-ONE:
## VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Wilson Individually)

467.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

468.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their

actions, which include but are not limited to using unfair means in collect or to attempt to collect a debt.

469.     As a result of the actions taken by the Defendants, which include but are not limited to

their repeated communications to Wilson's family members and other violations set forth herein, Wilson

has experienced actual damages.

470.     Wilson is therefore entitled to an award of actual and statutory damages against

Defendants as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT NINETY-TWO:
## VIOLATION OF 47 U.S.C. § 227(b)(1)(B)
### (Plaintiffs Lee, Rogers, & Shepard Individually)

471.     Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

472.     The Defendants willfully violated the Telephone Consumer Protection Act, 47 U.S.C. §

227(b)(1)(B) by their actions, which include but are not limited to making one or more calls using an

automatic telephone dialing system or artificial or pre-recorded voice to Plaintiffs' telephone number

assigned to a cellular telephone service.

473.     In the alternative, the Defendants negligently violated the Telephone Consumer Protection

Act, 47 U.S.C. § 227(b)(1)(A)(iii) by their actions, which include but are not limited to making one or

more calls using an automatic telephone dialing system or artificial or pre-recorded voice to Plaintiffs'

telephone number assigned to a cellular telephone service.

474.      The Plaintiffs are therefore entitled to an award of actual and statutory damages against Defendants, pursuant to 47 U.S.C. § 227(b)(3).

### COUNT NINETY-THREE:
### VIOLATION OF 47 U.S.C. § 227(b)(1)(B)
### (Plaintiffs Mabe, Porter, Towner, Wilcoxson & Wilson Individually)

475.      Plaintiffs reallege and reincorporate all previous paragraphs as if fully set out herein.

476.      The Defendants willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B) by their actions, which include but are not limited to initiating telephone calls to a residential telephone line using an artificial or prerecorded voice to deliver a message without the Plaintiffs' express consent.

477.      In the alternative, the Defendants negligently violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B) by their actions, which include but are not limited to initiating telephone calls to a residential telephone line using an artificial or prerecorded voice to deliver a message without the Plaintiffs' express consent.

478.      The Plaintiffs are therefore entitled to actual and statutory damages against Defendants, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, your Plaintiffs demand judgment for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act, actual and statuary damages pursuant to the Telephone Consumer Protection Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**PLAINTIFFS,**


By_____
*Counsel for the Plaintiffs*

67

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Tel:     (757) 930-3660
Fax:     (757) 930-3662
lenbennett@cox.net


MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:     (703) 273-7770
Fax:     (888) 892-3512
matt@clalegal.com


DALE W. PITTMAN, VSB #15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
Tel:     (804) 861-6000
Fax:     (804) 861-3368
dale@pittmanlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7st day of September, 2011, I will file the foregoing motion electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Neal Anthony
Timothy St. George
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122

John C. Lynch
Troutman Sanders LLP
P. O. Box 61185
222 Central Park Ave
Suite 2000
Virginia Beach, VA 23462

_____/s/_____
LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Tel:    (757) 930-3660
Fax:    (757) 930-3662
lenbennett@cox.net