UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KATHY ADKINS,** *et al.***,**

    **Plaintiff,**

v.                                                                       Civil Action No. 3:11cv334

**ENCORE CAPITAL GROUP, INC.,** *et al.*

    **Defendants.**

### DEFENDANTS' MOTION TO ENTER SCHEDULING ORDER

Defendants, Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland Funding"), and Midland Credit Management, Inc. ("Midland Credit Management") (collectively, the "Midland Defendants"), by counsel, pursuant to Fed. R. Civ. P. 16, move for the entry of a scheduling order pursuant to this Court's ruling and state as follows:

1.    On May 19, 2011, Plaintiffs filed their Complaint against the Midland Defendants in this action.

2.    On July 21, 2011, the Midland Defendants filed their responsive pleadings to the Complaint, including an Answer and a Motion to Dismiss.

3.    On August 29, 2011, the Court entered an Order allowing Plaintiffs to file an Amended Complaint.

4.    On September 7, 2011, Plaintiffs filed their First Amended Complaint against the Midland Defendants.

5.    On September 22, 2011, the Midland Defendants filed their responsive pleadings to Plaintiffs' First Amended Complaint, including an Answer and a Motion to Sever.

6.    On December 6, 2011, the Honorable James R. Spencer entered an Order referring this matter to The Honorable Dennis W. Dohnal "for pretrial case management,

including the development of a consolidated discovery plan and resolution of the Defendants' pending, non-dispositive Motion to Sever." *See* **Exhibit A**, attached hereto.

7. On December 7, 2011, Magistrate Judge Dohnal issued an Order stating that the Midland Defendants' Motion to Sever "is hereby taken UNDER ADVISEMENT pending the establishment of a consolidated discovery plan." The Order further stated that "[t]he parties are hereby DIRECTED to contact Chambers [of Magistrate Judge Dohnal] to schedule a conference for the purpose of preparing a consolidated discovery plan." *See* **Exhibit B**, attached hereto.

8. Magistrate Judge Dohnal (through his law clerk) suggested that the parties attempt to agree upon a consolidated discovery plan, including the Motion to Sever.

9. On December 22, 2011, counsel for the Midland Defendants' forwarded a proposed order attempting to resolve the pending Motion to Sever and addressing a number of case management issues. S*ee* **Exhibit C** attached hereto.

10. On January 11, 2012, counsel for Plaintiffs forwarded their version of a proposed scheduling order to counsel for the Midland Defendants. *See* **Exhibit D** attached hereto.

11. On January 18, 2012, counsel for the parties participated in a conference with Magistrate Judge Dohnal to review the Motion to Sever and other case management issues, including the entry of a consolidated discovery plan. Among other things, counsel for the parties discussed with Magistrate Judge Dohnal their competing proposed scheduling orders (**Exhibits C and D**) and associated issues. Among other things, it is the recollection of counsel for the Midland Defendants that, at the January 28, 2012 conference:

    a. Magistrate Judge Dohnal stated the Court would continue to hold the Motion to Sever filed by the Midland Defendants under advisement;

    b. The Midland Defendants requested leave to file an Amended Answer to Plaintiffs' First Amended Complaint, which Magistrate Judge Dohnal granted;

2

      c.    Counsel for the parties agreed to waive the requirements of disclosures under Fed. R. Civ. P. 26(a)(1);

      d.    Counsel for the parties agreed that discovery could commence on the date of the entry of the scheduling order by the Court;

      e.    The Court would not place restrictions on discovery at the outset of this case, including as suggested by counsel for Plaintiffs in paragraph 2 of their proposed scheduling order (**Exhibit D**) such as: (1) limiting the number of interrogatories to a total of 30; (2) limiting the number of requests for production to a total of 30 (plus an additional 5 against those Plaintiffs asserting a claim for actual damages); (3) limiting the length of depositions of Plaintiffs who do not assert claims for actual damages to two hours and the deposition of each Plaintiff who does assert a claim for actual damages to four hours; and (4) limiting the number of non-party depositions to 15, not including expert witnesses. Rather, it is the recollection of counsel for the Midland Defendants that Magistrate Judge Dohnal ruled that discovery should proceed as normal with the urging that the parties be reasonable and to apprise the Court if issues arose needing guidance from the Court;

      f.    Counsel for the parties agreed, and Magistrate Judge Dohnal approved a discovery cutoff of August 1, 2012;

      g.    Counsel for the parties agreed, and Magistrate Judge Dohnal approved a summary judgment deadline of August 14, 2012;

      h.    Magistrate Judge Dohnal encouraged counsel for the parties to continue to confer in good faith regarding how and whether Plaintiffs' claims might be consolidated for trial;

      i.    Counsel for the parties agreed, and Magistrate Judge Dohnal approved that counsel for the parties would schedule a conference call with him to discuss the status of the individual actions by the last business day of each month; and

j. Magistrate Judge Dohnal requested that counsel for the parties memorialize his rulings and the understandings of counsel into a scheduling order to be circulated among counsel for review and approval then ultimate entry by Magistrate Judge Dohnal.

12. On January 24, 2012, counsel for the Midland Defendants forwarded a draft Order to counsel for Plaintiffs, reflecting his understanding of Magistrate Judge Dohnal's rulings and the other agreements reached at the January 18, 2012 conference.  *See* **Exhibit E** attached hereto.

13. On January 31, 2012, counsel for Plaintiffs forwarded a blacklined version of the Midland Defendants' proposed Order regarding the January 18, 2012 conference with Magistrate Judge Dohnal.  *See* **Exhibit F** attached hereto.

14. Counsel for the Midland Defendants is agreeable to the change suggested by counsel for Plaintiffs in paragraph 1 of Plaintiffs' proposed Order as set forth in **Exhibit F**. Counsel for the Midland Defendants is not agreeable to the changes suggested by counsel for Plaintiffs in paragraph 3 of Plaintiffs' proposed Order as set forth in **Exhibit F** as counsel for the Midland Defendants do not believe that it accurately reflects Magistrate Judge Dohnal's decision on these points at the January 18, 2012 conference.  The Midland Defendants further assert that the restrictions suggested by counsel for Plaintiffs in paragraph 3 of **Exhibit F** are contrary to Federal Rule of Civil Procedure, fundamentally unfair to the Midland Defendants and will cause them prejudice in defending against the 93 alleged causes of action brought by 100 individual Plaintiffs involving a total of 540 claims.

15. For these reasons and good cause shown, the Midland Defendants respectfully request that the Court enter the proposed Order attached hereto as **Exhibit G**. Counsel for the Midland Defendants note that **Exhibit G** makes three changes from the original Order it proposed on January 24, 2012 (**Exhibit E**):

      a.    Agreeing to the changes suggested by counsel for the Plaintiffs in paragraph 1;

      b.    Changing the due date for the Midland Defendants to file an Amended Answer to seven days after the entry of this proposed Order instead of February 3, 2012 now that the proposed date has passed; and

      c.    Removing the reference to Magistrate Judge Dohnal in paragraph 4 in light of his retirement and the entry noted on the Court's Electronic Filing System on February 1, 2012 referring this case to Magistrate Judge David J. Novak pursuant to the Court's Standing Order.

## **CONCLUSION**

WHEREFORE, Defendants, Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc., respectfully request that the Court: (1) grant their Motion to Enter Scheduling Order; (2) enter the Order, attached hereto as **Exhibit G**; and (3) awarding the Midland Defendants any such further relief that the Court deems appropriate.

**ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC and
MIDLAND CREDIT MANAGEMENT, INC.**


By: _____/s/ David N. Anthony_____
　　　　　　　　Of Counsel


David N. Anthony
Virginia State Bar No. 31696)
Timothy J. St. George
Virginia State Bar No. 77349
*Attorneys for Encore Capital Group, Inc., Midland Funding, LLC
and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-5118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

John C. Lynch
Virginia State Bar No. 39267
*Attorney for Encore Capital Group, Inc., Midland Funding, LLC
and Midland Credit Management, Inc.*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
john.lynch@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of February 2012, I filed a true and correct copy of the foregoing on the Court's Electronic Case Filing System, which will send a notice of electronic filing to:

>Leonard A. Bennett, Esq.
>Susan Rotkis, Esq.
>CONSUMER LITIGATION ASSOCIATES, P.C.
>12515 Warwick Boulevard, Suite 201
>Newport News, VA 23606
>Telephone: (757) 930-3660
>Facsimile: (757) 930-3662
>len@clalegal.com
>srotkis@clalegal
>
>Matthew J. Erausquin, Esq.
>CONSUMER LITIGATION ASSOCIATES, P.C.
>1800 Diagonal Road, Suite 600
>Alexandria, VA 22314
>Telephone: (703) 273-6080
>Facsimile: (888) 892-3512
>matt@clalegal.com
>
>Dale W. Pittman, Esq.
>THE LAW OFFICE OF DALE W. PITTMAN, P.C.
>The Eliza Spotswood House
>112-A West Tabb St.
>Petersburg, VA 23803
>Telephone: (804) 861-6000
>Facsimile: (804) 861-3362
>dale@pittmanlawoffice.com
>
>*Counsel for Plaintiff*

>      /s/ David N. Anthony
>David N. Anthony
>Virginia State Bar No. 31696
>*Attorney for Encore Capital Group, Inc., Midland Funding, LLC and Midland Credit Management, Inc.*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia 23219
>Telephone: (804) 697-5410
>Facsimile: (804) 698-5118
>david.anthony@troutmansanders.com

2128799v1