UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

KATHY ADKINS, *et al.* )
)
      Plaintiffs, )
)
v. ) Civil Action No. 3:11cv334
)
ENCORE CAPITAL GROUP, INC., *et al.* )
)
      Defendants. )
_____)

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' MOTION TO ENTER SCHEDULING ORDER**

Plaintiffs, by counsel, for their response to Defendants' Motion to Enter Scheduling Order, state as follows:

Counsel for the Plaintiffs have a distinctly different recollection of the decisions made by Judge Dohnal at the January 28, 2012 on two important points:

First, Judge Dohnal did not rule that the Defendants would be permitted to serve 3,000 Interrogatories, and an unlimited number of requests for production of documents. Instead, at the conference, Plaintiff's counsel reminded the Court that of the 100 Plaintiffs in this matter, only approximately 27 are asserting claims for actual damages. Plaintiffs' counsel previously sent a spreadsheet to Judge Dohnal and to the Defendants that specifically detailed which Plaintiffs were pursuing actual damages versus only statutory damages. For example, the actual damages claims are based on the Defendants' discussion of the Plaintiffs' debts with their employers, family members and other third parties, or threats made against the Plaintiffs themselves (including arrest for nonpayment of a bill) that resulted in emotional distress damages to those Plaintiffs.

Plaintiffs' counsel stipulated that the other 73 Plaintiffs are pursuing only an award of statutory damages in the amount of $1,000, plus attorneys' fees and costs. The Court should note that these cases turn on legal issues. The statutory damages claims are very narrow and discrete, and involve, for example, the Defendant's failure to include the disclosures required by 15 U.S.C. §1692e(11) on collection communications. (The Defendants have argued that these disclosures were not required as a matter of law, citing the "formal pleadings" exception, and Judge Payne has already rejected this argument. Indeed, these claims are ripe for summary judgment.).

Plaintiffs' side suggested that each side would serve a single set of Interrogatories and Requests for Production of Documents, but that the Defendants could direct a certain discovery request to more than one Plaintiff, and that the requests from the Plaintiffs could be similarly broad. Judge Dohnal agreed with this approach, and the Defendants did not voice disagreement. Plaintiffs' counsel left the conference believing that the issue was settled, until the Defendants circulated a draft order that conflicted with it several days later.

Plaintiffs' counsel will not belabor the point, except to point out that the approach suggested by the Defendants will greatly run up attorneys fees and costs on both sides, and while the Defendants appear bent on creating as much work and turmoil as possible in the prosecution of these cases, in an effort to overwork a small consumer rights firm[1], the federal rules do not provide for unfettered discovery.

Federal Rule of Civil Procedure 26(b)(2)(C) provides:

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

---

[1] If served with 3,000 Interrogatories, Plaintiffs' counsel would likely need to bring in outside counsel from various parts of the country to handle the prosecution of these cases.

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;
> or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

The purpose of filing a multi-Plaintiff complaint is to reduce the burden of litigating each Plaintiff's case separately. This not only promotes the interests of justice, but it relieves the burden on this Court's docket and creates efficiencies in progressing to a global determination of the issues involved. Particularly in the context of a fee-shifting statute like the FDCPA, it also promotes settlement. The parties will necessarily grow farther apart in settlement as fees spike drastically on both sides. It would not be in the interests of justice to require Plaintiffs to answer roughly 3000 interrogatories and unlimited requests for production. Instead, the Defendants should be limited to one set of discovery directed towards each Plaintiff. This would allow Defendants to obtain the information they seek in a more reasonable and less duplicative and burdensome manner.

Second, the Defendants argue that the discovery that they served prematurely (multiple banker's boxes full) should be deemed served immediately. If the Court allows this matter to dissolve into the massive paper churning exercise that the Defendants urge, the Defendants will need to serve their bankers boxes again, as Plaintiffs' counsel is no longer in possession of that section of the forest previously sent by the Defendants.

**CONCLUSION**

With respect to the remainder of the issues, Plaintiffs have no disagreement. They ask the Court to enter the proposed order attached hereto as they believe it accurately reflects the agreements reached with Judge Dohnal and is the proper way for this matter to proceed.

WHEREFORE, Plaintiffs respectfully request that the Court: (1) limit discovery in this case to allow Defendants only one set of discovery directed towards each Plaintiff; (2) enter the proposed order attached hereto; and (2) grant Plaintiffs any such further relief that the Court deems appropriate.

Respectfully submitted,
PLAINTIFFS ADKINS, et al.,


By_____/s/_____
   *Counsel for the Plaintiffs*


MATTHEW J. ERAUSQUIN, VSB #65434
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7770
Fax:   (888) 892-3512
matt@clalegal.com

LEONARD A. BENNETT, VSB #37523
SUSAN ROTKIS, VSB#40693
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA  23601
Tel:   (757) 930-3660
Fax:   (757) 930-3662
len@clalegal.com
srotkis@clalegal

DALE W. PITTMAN, VSB #15673
*Counsel for the Plaintiffs*
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
Tel:    (804) 861-6000
Fax:    (804) 861-3368
dale@pittmanlawoffice.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of February 2012, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:


David N. Anthony
Timothy J. St. George
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Tel:    804-697-1200
Fax:    8046985118
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

John C. Lynch
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
john.lynch@troutmansanders.com

*Counsel for the Defendants*


                                        /s/
                              Matthew J. Erausquin, VSB#65434
                              *Counsel for the Plaintiffs*
                              CONSUMER LITIGATION ASSOCIATES, P.C.
                              1800 Diagonal Road, Suite 600
                              Alexandria, VA 22314
                              Tel:    703-273-7770
                              Fax:    888-892-3512
                              matt@clalegal.com